EDWARD F. KORFF, III AND JUDY A. KORFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
KORFF v. COMMISSIONER
Docket No. 20690-90
United States Tax Court
T.C. Memo 1993-33; 1993 Tax Ct. Memo LEXIS 26; 65 T.C.M. (CCH) 1811; January 28, 1993, Filed *26 For petitioners: Thomas R. Muck and Larry D. Hause. For respondent: Jack Forsberg. FAY
FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case has been assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike partnership items (hereinafter Respondent's Motion), and on petitioners' cross-motion to dismiss for lack of jurisdiction (hereinafter Petitioners' Motion). This case involves the partnership procedures devised by Congress in the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 648, and set forth in sections 6221 through 6233 for resolving the tax treatment of partnership items. Subsequent to the mutual execution of Forms 870-P *27 for taxable years 1982, 1983, and 1984, respondent assessed computational adjustments resulting from the settlement of partnership item adjustments for the respective years, and issued notices of deficiency for additions to tax. This case presents a question of jurisdiction. We must decide whether the Forms 870-P are valid and, if so, the effect of the parties' settlement agreements on the Court's jurisdiction in this case. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Bloomington, Minnesota, at the time their petition was filed. Petitioner Edward F. Korff, III (Korff) was a limited partner in Miller, Tabak, Hirsch & Company (MTH), a limited partnership, during MTH's taxable years 1982, 1983, and 1984. During these taxable years, MTH was a TEFRA partnership subject to the provisions of sections 6221 through 6233. In 1986, Korff was a limited partner in another limited partnership, S.S. Admiral Partners (Admiral). Admiral was also a TEFRA partnership subject to the provisions of sections 6221 through 6233. Korff acquired his interests in both Admiral and *28 MTH through Miller, Tabak, Hirsch & Co. (MTH Co.), a securities dealer involved in managing the financial and tax affairs of both partnerships. MTH Co. was the general partner of MTH, and, in conjunction with another company, was a limited partner in Admiral. On September 29, 1989, respondent mailed to MTH's tax matters partner (TMP) Notices of Final Partnership Administrative Adjustment (FPAA's) for MTH's taxable years 1982, 1983, and 1984. On or about November 13, 1989, respondent mailed to petitioners copies of the MTH FPAA's. On October 16, 1989, respondent mailed to Admiral's TMP an FPAA for Admiral's taxable year 1986. On the same day, respondent mailed to petitioners a copy of the Admiral FPAA. The Admiral FPAA reflected settlement terms reached between respondent and Admiral's TMP. Petitioners were advised by Admiral's TMP to agree to the settlement reflected in the Admiral FPAA. Included as part of the Admiral FPAA and as part of each MTH FPAA was Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. By executing Form 870-P, a partner can indicate agreement with adjustments to partnership items determined in an FPAA. *29 As a matter of administrative procedure, respondent includes Form 870-P as part of every FPAA mailed to partners. Upon the advice of Admiral's TMP, petitioners intended to execute the Form 870-P included with the Admiral FPAA. In contrast, petitioners were aware that MTH's TMP intended to litigate in this Court the adjustments determined in the MTH FPAA's, and did not intend to execute the Forms 870-P included with the MTH FPAA's. In fact, MTH's TMP commenced an action in this Court on December 26, 1989, contesting the adjustments to partnership items determined in the MTH FPAA's. This is an ongoing partnership proceeding (Miller, Tabak, Hirsch and Co., MTH Co., Tax Matters Partner v. Commissioner, docket No. 30286-89). Petitioners received the Admiral FPAA while Korff was away on a business trip. Korff's wife placed the FPAA unopened in a stack of mail for Korff to review upon his return. Around the same time, shortly after Korff returned from his business trip, petitioners received the MTH FPAA's. The MTH FPAA's were placed unopened in the stack of mail which had accumulated while Korff was away. On November 17, 1989, petitioners went through the stack of mail, and *30 executed the Form 870-P which was part of the Admiral FPAA (hereinafter Admiral Form 870-P). At the same time, petitioners also executed the Forms 870-P which were part of the MTH FPAA's (hereinafter MTH Forms 870-P). Petitioners intended to rely on MTH's TMP to represent their interest in contesting respondent's partnership item adjustments, and executed the MTH Forms 870-P in error. Petitioners executed the MTH Forms 870-P under the erroneous belief that the documents somehow related to the settlement reached between respondent and Admiral's TMP regarding Admiral's taxable year 1986. Respondent executed petitioners' signed MTH Forms 870-P for 1982 and 1983 on December 7, 1989. Respondent executed petitioners' signed MTH Form 870-P for 1984 on December 4, 1989. On June 14, 1990, respondent mailed to petitioners a Form 4549-A, Income Tax Examination Change (hereinafter original report), showing the proposed computational adjustments for petitioners' taxable years 1982, 1983, and 1984 attributable to the adjustments to partnership items shown on the MTH Forms 870-P which petitioners had signed. The original report was shown to be in error, and on June 21, 1990, respondent mailed *31 to petitioners a revised Form 4549-A. On July 9, 1990, respondent mailed to petitioners notices of deficiency determining additions to tax for their taxable years 1982, 1983, and 1984. The computational adjustments for petitioners' taxable year 1982 as shown on the revised Form 4549-A were assessed on July 16, 1990. The computational adjustments for petitioners' taxable years 1983 and 1984 as shown on the revised report were assessed on October 8, 1990. OPINION The Tax Court is a Court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Generally, Congress has specified that the tax treatment of partnership items must be resolved in partnership level proceedings, and not in partner level proceedings. Sec. 6221; Maxwell v. Commissioner, 87 T.C. 783, 787-788 (1986). Accordingly, respondent generally has no authority to assess a deficiency attributable to a partnership item until after the termination of a partnership proceeding. *32 Sec. 6225(a); Maxwell v. Commissioner, supra.
However, if respondent and an individual partner execute a Form 870-P, which relates to the settlement of partnership items, the partnership items of that partner convert to nonpartnership items, the general restriction on assessment does not apply, and respondent is authorized to assess the underlying deficiency without issuing a notice of deficiency. If deemed appropriate, respondent may issue a notice of deficiency determining additions to tax. See secs. 6224(b) and (c), 6225(a), 6230(a), 6231(a)(6), and (b)(1)(C); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741 (1987). Petitioners do not contend that respondent failed to comply with the relevant partnership-level procedures. Rather, petitioners argue that the MTH Forms 870-P are invalid, thereby effectively arguing that the notices of deficiency upon which jurisdiction in this case is based are also invalid. If the MTH Forms 870-P are invalid, petitioners are correct in that respondent was without authority to issue the notices of deficiency for affected items prior to the conclusion of the partnership proceeding. *33 See N.C.F. Energy Partners v. Commissioner, supra at 744-745. Clearly then, our jurisdiction in this case is dependent upon the validity of the MTH Forms 870-P executed by and between the parties. We have jurisdiction to determine whether we have jurisdiction, and we therefore will proceed to resolve the matter of the validity of the executed MTH Forms 870-P. 885 Investment Co. v. Commissioner, 95 T.C. 156, 163 (1990); Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978). Form 870-P agreements are statutorily sanctioned by the conjunctive operation of section 6224(b) and (c). Once mutually executed, Form 870-P settlement agreements are binding on their terms, unless a party to the agreement can show "fraud, malfeasance, or misrepresentation of fact". Sec. 6224(c). Petitioners present three arguments to support their position that the MTH Forms 870-P are not binding. First, petitioners argue that the executed MTH Forms 870-P do not constitute "agreements" for purposes of section 6224(c). Second, and in the alternative, petitioners argue that even if this Court *34 determines that the executed MTH Forms 870-P do constitute "agreements", the agreements are not binding on the parties because respondent committed malfeasance by virtue of his including a Form 870-P as part of each MTH FPAA sent to petitioners. Third, petitioners argue that principles of estoppel preclude respondent from binding petitioners to the MTH Forms 870-P. We disagree with each of petitioners' arguments, and for the reasons set forth below, hold that the executed MTH Forms 870-P are valid and bind the parties. We first address petitioners' contention that the executed Forms 870-P do not constitute "agreements" for purposes of section 6224(c). Petitioners argue that the MTH Forms 870-P are not agreements because they were executed without consideration, without mutual assent, and because they lack material terms and are indefinite. Alternatively, petitioners argue that there is no agreement under the contract theory of mutual mistake. Neither statute nor regulations nor case law addresses the question of what constitutes an agreement for purposes of section 6224(c). However, relevant authority in this Court, discussing principles applied to examination of other statutorily *35 based agreement documents, indicates the importance of contract principles. See, e.g., Schulman v. Commissioner, 93 T.C. 623, 639 (1989)(applying contract principles to Form 872-A); Kronish v. Commissioner, 90 T.C. 684 (1988)(applying contract principles to Form 872); Masraff v. Commissioner, T.C. Memo. 1989-638 (applying contract principles to Form 872-A); Smith v. Commissioner, T.C. Memo. 1989-432, affd. 925 F.2d 250 (8th Cir. 1991) (applying contract principles to Form 872-A). Similar to the rationale in these cases, we conclude that contract principles are significant in determining whether an executed Form 870-P constitutes an agreement under section 6224(c). Accordingly, we will examine contract principles in order to determine if the executed Forms 870-P at issue constitute agreements for purposes of section 6224(c). Applying contract principles to the MTH Forms 870-P, we conclude they constitute valid agreements. Petitioners argue that they received nothing in exchange for executing the MTH Forms 870-P, because there were *36 no negotiations and therefore no concessions or compromises. We note that the contract element of consideration is not required in order for a valid agreement to exist. Piarulle v. Commissioner, 80 T.C. 1035 (1983); Buchine v. Commissioner, T.C. Memo. 1992-36. In any event, though, we disagree with petitioners, and conclude that the MTH Forms 870-P were executed for valuable consideration, since petitioners realized an immediate resolution to their partnership item disputes, and were protected from any further partnership item adjustments respondent might make to the MTH partnership for the taxable years at issue. Furthermore, we do not find the MTH Forms 870-P to be lacking in material terms. Petitioners argue that the MTH Forms 870-P suffer from indefiniteness because they do not provide petitioners with their individual share of the partnership adjustments, or with the amount of tax and interest due, or with the amount of additions to tax which might be due. However, petitioners' argument reads into section 6224(c) a requirement that does not exist. Section 6224(c) authorizes agreements as to partnership item *37 adjustments, and we conclude, therefore, that a Form 870-P is only required to show partnership item adjustments. Petitioners also argue that the MTH Forms 870-P do not constitute agreements because they lack mutual assent, or what contract principles refer to as a "meeting of the minds". Petitioners argue that they never intended to agree to a settlement of the partnership item issues, and that the mere presence of both their and respondent's signatures on the MTH Forms 870-P does not indicate mutual assent to a settlement. We disagree. As we indicated earlier in this opinion, we consider the manner in which we have applied contract principles to analysis of various settlement and waiver forms to be very persuasive. These cases show that in examining the presence of mutual assent, we will look at the objective manifestation of the parties' overt acts, and not the parties' secret or subjective intentions. Kronish v. Commissioner, supra at 694-695 (1988); Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Petitioners argue that respondent executed the MTH Forms 870-P with knowledge of facts which should have *38 alerted respondent to petitioners' error in signing the forms, and that the objective evidence therefore shows a lack of mutual assent. In contrast, we find that respondent executed the MTH Forms 870-P with no particular knowledge of petitioners' error. The record indicates that respondent did not learn of petitioners' alleged error until petitioners requested respondent to disregard the executed MTH Forms 870-P. Thus, as we objectively view the parties' overt action of executing the MTH Forms 870-P, we find the existence of mutual assent. For the foregoing reasons, we restate our conclusion that the MTH Forms 870-P constitute agreements for purposes of section 6224(c). We now proceed to address petitioners' arguments that the MTH Forms 870-P should be disregarded under either the contract defense of mutual mistake or pursuant to section 6224(c) because respondent committed malfeasance by including a Form 870-P with each FPAA mailed to petitioners. After due consideration, we reject both arguments. First, it is clear that mistakes of fact or law are excluded as grounds for rescission of a section 6224(c) agreement. H Graphics/Access, Ltd. Partnership v. Commissioner, T.C. Memo. 1992-345. *39 Second, we conclude that petitioners, who have the burden of proving that respondent committed malfeasance in procuring petitioners' execution of the MTH Forms 870-P, have not satisfied their burden. Rule 142(a); Ingram v. Commissioner, 32 B.T.A. 1063, 1065 (1935), affd. 87 F.2d 915 (3d Cir. 1937); H Graphics/Access, Ltd. Partnership v. Commissioner, supra; cf. Brinkman v. Commissioner, T.C. Memo. 1989-217. We have defined "malfeasance" within the meaning of section 6224(c) as the commission of some act which is wholly wrongful and unlawful, and have concluded that term encompasses "a deliberate intent to deceive or mislead similar to that required to prove fraud". H Graphics/Access, Ltd. Partnership v. Commissioner, supra. Petitioners argue that it was malfeasance for respondent to include the MTH Forms 870-P with the MTH FPAA's because it is improper for respondent to solicit settlement agreements after a TMP has indicated that he will contest partnership item adjustments on behalf of the entire partnership. Petitioners' *40 argument is based on the premise that respondent knew or should have known that petitioners intended to litigate partnership item adjustment issues with MTH's TMP, and therefore, that respondent knew or should have anticipated that petitioners might execute the MTH Forms 870-P in error. In petitioners' words, they believe that respondent's including the MTH Forms 870-P with the MTH FPAA's "merely had the effect of laying land mines for the taxpayers to step on". We disagree with petitioners, and think that in including the MTH Forms 870-P with the MTH FPAA's, respondent acted with proper authority and without a deliberate intent to deceive or mislead. Section 6224(c) provides taxpayers with the opportunity to enter into settlement agreements with respondent. We think that by including Form 870-P with each FPAA respondent is simply supplying an administrative form which partners may use to agree to the partnership item adjustments. In fact, by including Form 870-P with each FPAA, respondent might be easing the burden on some taxpayers by informing them of an option of which they otherwise might not have known. Certainly, we do not consider respondent's inclusion of Form 870-P *41 with each FPAA issued to constitute a "land mine". In short, we see no evidence of malfeasance in respondent's behavior, and we view the inclusion of Form 870-P with FPAA's as proper pursuant to both the authority of section 6224(b) and (c), and respondent's authority to administer the tax law under sections 7801, 7802, and 7804. We think that petitioners' signatures on the MTH Forms 870-P stem not from malfeasance by respondent, but rather from a unilateral error of petitioners' own making. Finally, we address petitioners' estoppel arguments. Petitioners maintain two distinct claims. First, petitioners contend that Form 870-P is not binding absent equitable estoppel against a taxpayer. Petitioners cite no cases squarely supporting this proposition, and our research indicates that this argument is without foundation in the law. In support of their argument, petitioners direct our attention to cases holding that unless a taxpayer is equitably estopped from claiming a refund, the execution of Form 870-AD does not preclude a taxpayer from bringing a refund action to recover taxes encompassed by Form 870-AD. See Lignos v. United States, 439 F.2d 1365 (2d Cir. 1971); *42 McGraw-Hill, Inc. v. United States, 224 Ct. Cl. 354, 623 F.2d 700 (1980). From these cases, petitioners ask us to draw an analogy to cover all the various type-Forms 870 (thus including Form 870-P), and to state that absent equitable estoppel, mere execution of any type-Form 870 does not preclude a taxpayer from setting the type-Form 870 aside. As petitioners' analogy relates to Form 870-P, we find it legally erroneous. As we have stated, an executed Form 870-P is statutorily binding and can be set aside only on account of fraud, malfeasance, or misrepresentation of fact. Sec. 6224(c). In contrast, although Form 870-AD specifically states that no claim for refund or credit will be filed for taxes covered by the Form 870-AD, the restriction is not statutorily based. We find this distinction significant. We do not comment on petitioners' analogy as it relates to any other type-Form 870. Petitioners next contend that respondent is equitably estopped from relying on the MTH Forms 870-P. We disagree. The doctrine of equitable estoppel is applied against the government only with the utmost caution and restraint. Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), *43 affd. 810 F.2d 209 (D.C. Cir. 1987). In this case, the record is insufficient to support the application of equitable estoppel. There is no indication that respondent made a false representation or wrongful misleading silence, the presence of which is essential to support an estoppel claim. Lignos v. United States, 439 F.2d 1365 (2d. Cir. 1971); Kronish v. Commissioner, 90 T.C. 684, 695-697 (1988). In summary, we find that the MTH Forms 870-P constituted binding agreements. Petitioners have been unable to establish grounds for disregarding the MTH Forms 870-P. Accordingly, petitioners' cross-motion to dismiss for lack of jurisdiction will be denied. Respondent's motion to dismiss for lack of jurisdiction and to strike partnership items will be granted on the ground that the Court lacks jurisdiction to redetermine the tax liability attributable to the settlement of partnership items. Sec. 6230(a); Powell v. Commissioner, 96 T.C. 707, 712 (1991). An appropriate order will be issued.