DALCO MICRO-FAB PARTNERS, LTD., MORLYN W. AND NORMA L. BARRETT, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dalco Micro-Fab Partners, Ltd. v. Commissioner
Docket No. 18236-92
United States Tax Court
T.C. Memo 1993-100; 1993 Tax Ct. Memo LEXIS 101; 65 T.C.M. (CCH) 2132; March 24, 1993, Filed *101 Morlyn W. Barrett and Norma L. Barrett, pro se. For respondent: William A. Heard III. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that Morlyn W. Barrett and Norma L. Barrett (petitioners) are precluded from filing a petition for readjustment of partnership items under section 6226(d)(1)(A) and (d)(2). [1] Central to the resolution of respondent's motion to dismiss is the question of whether the parties entered into a binding settlement agreement with respect to adjustments relating to petitioners' investment in Dalco Micro-Fab Partners, Ltd. (hereinafter Dalco). Background
On March 16, 1992, respondent mailed a notice of final partnership administrative adjustment (FPAA) to the tax matters partner of Dalco determining adjustments to the partnership *102 return for the 1983 taxable year. By letter dated March 27, 1992, an attorney, Robert B. Martin, Jr., wrote to petitioners advising them that the tax matters partner had settled with the Internal Revenue Service and would not be filing a petition for readjustment. On April 6, 1992, respondent mailed a copy of the FPAA to petitioners. The FPAA lists adjustments to items of ordinary income for both interest income and interest expense. In addition, the FPAA contains adjustments reflecting the disallowance of a deduction for research and development expense in the amount of $ 7,338,800, as well as a guaranteed payment in the amount of $ 65,000. The dispute between the parties relates to the effect of an Internal Revenue Service document entitled "DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS AND AFFECTED ITEMS" (Form 870-L(AD)). The form consists of two pages. The first page identifies the partnership, details the terms of the settlement offer, and provides signature lines for parties. The second page contains a schedule of adjusted items which includes three separate blocks labeled "DETAIL OF ADJUSTED ITEMS FOR ORDINARY INCOME", *103 "OTHER ADJUSTMENTS", AND "REMARKS". The block on the schedule of adjusted items labeled "DETAIL OF ADJUSTED ITEMS FOR ORDINARY INCOME" reflects "NO CHANGE 0.00". Printed language at the bottom of that block is as follows: "TOTAL ADJUSTED ITEMS FOR ORDINARY INCOME: 0.00". Immediately above this printed language there is language handwritten by one of the petitioners as follows: "Means no change to 1983 individual return". [2] The block labeled "OTHER ADJUSTMENTS" reflects a $ 6,362,566 adjustment with respect to a research and experimental expense deduction reported by the partnership in the amount of $ 7,338,800. The difference between these two items is reflected as the corrected amount of $ 976,234. The word "NONE" is typed in the block labeled "REMARKS". Petitioners signed and dated the form in the appropriate space on the first page on June 12, 1992. On August 8, 1992, a revenue *104 agent assigned to the Internal Revenue Service Center in Fresno, California, executed the document on behalf of respondent. On August 13, 1992, petitioners filed a petition for readjustment as partners other than the tax matters partner of Dalco. Respondent filed the motion to dismiss for lack of jurisdiction that is presently pending before the Court. Petitioners filed an objection to respondent's motion to dismiss and respondent filed a response to petitioners' objection. Discussion
The tax treatment of any partnership item generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6231. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 n.4 (1986). Section 6223(a) provides that respondent shall mail to each partner notice of the beginning of an administrative proceeding at *105 the partnership level with respect to a partnership item, as well as the final partnership administrative adjustment resulting from any such proceeding. Section 6226(a) provides that the tax matters partner may file a petition for readjustment with this Court within 90 days after the mailing of the FPAA to the tax matters partner. Energy Resources, Ltd, v. Commissioner, 91 T.C. 913, 915 (1988). Section 6226(b)(1) provides that, where the tax matters partner does not file a petition within the 90-day period prescribed in section 6226(a), a notice partner may file a petition for readjustment with this Court within 60 days after the close of the original 90-day period. Energy Resources, Ltd. v. Commissioner, supra.
Section 6226(c)(1) provides that, if a partnership action is brought under either section 6226(a) or (b), each person who was a partner in such partnership at any time during the year in issue shall be treated as a party to such action. However, section 6226(d)(1)(A) provides in pertinent part that section 6226(c) shall not apply to a partner after the day on which the partnership items of such partner *106 for the particular partnership year become nonpartnership items by reason of one of the events described in section 6231(b). Further, section 6226(d)(2) provides that no partner may file a petition for readjustment under section 6226(b) unless such partner would be treated as a party to the proceeding under section 6226(d)(1). Section 6231(b)(1)(C) provides in pertinent part that the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date the Secretary enters into a settlement agreement with the partner with respect to such items. Respondent maintains that petitioners are precluded under section 6226(d)(2) from filing a petition for readjustment as notice partners of Dalco. In particular, respondent contends that petitioners entered into a binding settlement agreement with respect to such partnership items and that such partnership items are thus converted into nonpartnership items by virtue of section 6231(b)(1)(C). Petitioners object to respondent's motion to dismiss and assert that the language they added to the settlement offer releases them from any liability for partnership adjustments arising from their investment *107 in Dalco for the 1983 taxable year. In the event their understanding of the agreement is not honored by respondent, petitioners desire to proceed with their petition for readjustment in this Court. Respondent disagrees with petitioners' understanding of the terms of the settlement agreement. Specifically, respondent asserts that the language added by petitioners and placed in the block labeled "DETAIL OF ADJUSTED ITEMS FOR ORDINARY INCOME" only relates to adjustments affecting ordinary income. Respondent argues that because petitioners did not add similar language in the block labeled "OTHER ADJUSTMENTS", petitioners agreed to the adjustment to the research and experimental expense deduction set forth in that block. Section 6224(c) provides for the settlement of partnership items by agreement between the Secretary and one or more partners in a partnership. Section 6224(c)(1) provides that settlement agreements arising under the unified partnership audit and litigation procedures are binding absent a showing of fraud, malfeasance, or misrepresentation of fact. H. Graphics/Access Ltd. Partnership v. Commissioner, T.C. Memo. 1992-345. It is well *108 established that the compromise and settlement of tax cases is governed by general principles of contract law. See Robins Tire and Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969); Korff v. Commissioner, T.C. Memo. 1993-33; Himmelwright v. Commissioner, T.C. Memo. 1988-114; see also Woods v. Commissioner, 92 T.C. 776, 780 (1989) (holding that contract principles are significant in a case concerning the validity of a consent extending the time to assess tax). To the extent that section 6224(c) requires the parties to have reached an agreement, we must determine whether the Form 870-L(AD) in dispute reflects the parties' mutual assent to settle the case. Woods v. Commissioner, 92 T.C. at 780, and cases cited therein. In other words, there must be a "meeting of the minds" as to the essential terms of the agreement. See Korff v. Commissioner, supra; Sergy v. Commissioner, T.C. Memo. 1990-442. It is the objective manifestation of mutual assent as evidenced *109 by the parties' overt acts that determines whether the parties have entered into a binding agreement. Kronish v. Commissioner, 90 T.C. 684, 693 (1988); Korff v. Commissioner, supra; Hicks v. Commissioner, T.C. Memo. 1991-564. In the instant case, we are presented with a document that purportedly reflects a settlement of partnership items for the 1983 taxable year. The document relates to petitioners' investment in Dalco and has been duly executed by both petitioners and respondent. While the parties do not contest the facts surrounding the signing of the document, they do contest the terms of the purported settlement. As indicated, respondent contends that petitioners agreed to the adjustments listed in the block labeled "OTHER ADJUSTMENTS" which reflects a $ 6,362,566 adjustment against a research and experimental expense deduction reported by the partnership. Petitioners, on the other hand, contend that any agreement with respect to the partnership items was contingent upon there being no adjustments to their individual return. They rely upon the language they inserted in the block *110 labeled "DETAIL OF ADJUSTED ITEMS FOR ORDINARY INCOME". Considering the document as a whole, the terms of the settlement are at best unclear. We are not persuaded by the objective evidence in the record that one party's understanding of the agreement should prevail over the other. To the contrary, both interpretations are equally plausible given the specific language that petitioners added to the document prior to returning it to respondent. Consequently, on this particular record, we are unable to find the requisite manifestation of mutual assent or "meeting of minds" necessary to consummate a binding settlement agreement. Because there is no binding settlement agreement between petitioners and respondent regarding petitioners' investment in Dalco for the 1983 taxable year, section 6226(d)(1) and (2) does not serve to preclude petitioners from filing a petition for readjustment with this Court as partners other than the tax matters partner. It follows that respondent's motion to dismiss for lack of jurisdiction will be denied. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. This case was heard pursuant to the provisions of section 7443A(b)(4). All section references are to the Internal Revenue Code.↩
2. There is no question that this language was inserted by petitioners prior to execution of the documents by agents of respondent.↩