James W. FENNELL; Marjorie Fennell; Francis X. Byrne; Carolyn R. Byrne; Charles R. Byrne; and Karen S. Byrne, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 92–F–1646.

United States District Court, D. Colorado.

June 30, 1993.

Ellis J. Sobol, Denver, CO, for plaintiffs.

James R. Allison, Interim U.S. Atty., William G. Pharo, Asst. U.S. Atty., Denver, CO, Justin L. Garrett, II, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This case involves a claim for refund of taxes paid to the Internal Revenue Service ("IRS"). Jurisdiction is based on 28 U.S.C. § 1346(a)(1). This matter comes before the Court on Plaintiffs' and Defendant's cross-motions for summary judgment pursuant to FED.R.CIV.P. 56(c). The relevant facts are undisputed and the issues of law have been fully briefed. For the reasons stated below, the Court finds in favor of Defendant.

### I. BACKGROUND [1]

A Colorado partnership named Springhill Plaza Partnership No. 1 ("Springhill") was formed in 1981 to build and operate a warehouse in Aurora, Colorado. Springhill had fifteen limited partners, including Plaintiffs James W. Fennell, Francis X. Byrne, and Charles R. Byrne,[2] who invested various sums of money in the partnership. In addition to investments from partners, Springhill borrowed $1,600,000 from Empire Savings and Loan Association ("Empire Savings") to build and operate the warehouse. Springhill's loan agreement with Empire Savings stated that the limited partners would not be personally liable for Springhill's debts.

From 1981 to 1987, Springhill incurred losses in building and operating the warehouse. For each year from 1981 to 1987, Springhill filed a Form 1065 U.S. Partnership Return of Income reporting losses and allocating a share of the losses to each limited partner in proportion with their partnership interest. Springhill also distributed Forms K–1 to each limited partner, reflecting that allocation. Springhill was dissolved on November 24, 1987, and subsequently was audited by the IRS.

During the period from 1981 to 1987, Plaintiffs each deducted the Springhill losses from their individual returns as ordinary losses. Plaintiffs were not entitled to make those deductions. However, by the time the IRS began the audit of Springhill, the statute of limitations set forth in 26 U.S.C. § 6501 barred the IRS from making adjustments to Springhill's 1986 partnership return. Any adjustments to Springhill's returns for the years 1981 through 1986 would have passed through to the limited partners' returns. Thus, further assessments to the limited partners' returns for 1981 through 1986 were barred by the statute of limitations.

During the audit of Springhill, the IRS discussed with each of the limited partners (or their respective powers of attorney) different theories under which adjustments could be made to Springhill's 1987 return in order to recoup the erroneous deductions from Plaintiffs' 1987 individual returns. Under one such theory based on 26 U.S.C. § 465, the IRS advised Plaintiffs that the statute of limitations was not relevant.

In 1989, Springhill signed an agreement with the IRS which made adjustments to Springhill's 1987 return. The adjustments to Springhill's 1987 return passed through to Plaintiffs' returns. Plaintiffs each signed a Form 870 and 870–P expressing agreement that the adjustments should properly pass through to Plaintiffs' 1987 individual returns. Pursuant to this agreement, the IRS made tax and interest assessments [3] to each Plaintiff and each Plaintiff tendered payment in full.

In 1992, each Plaintiff filed an Amended U.S. Individual Income Tax Return (Form 1040X) claiming entitlement to a refund on their payment made pursuant to the agreement detailed above.

---

1. This section is derived from the parties' Stipulations Of Fact filed April 22, 1993.

2. Plaintiffs Marjorie Fennell, Carolyn R. Byrne, and Karen S. Byrne are the spouses of these Plaintiffs and, as such, signed the tax returns at issue in this case.

3. The IRS did not assess penalties.

## II. STANDARD OF REVIEW

Granting summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Ash Creek Mining Co. v. Lujan*, 934 F.2d 240, 242 (10th Cir.1991). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Newport Steel Corp. v. Thompson*, 757 F.Supp. 1152, 1155 (D.Colo.1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir.1991).

In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. Nor does Rule 56 require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2553. The moving party merely need allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

Once the movant has made an initial showing, the burden of proof shifts to the opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23, 106 S.Ct. at 2552–53. The nonmovant must go beyond the pleadings and designate specific facts showing genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan*, 931 F.2d 636, 639 (10th Cir.1991). Conclusory allegations will not establish issues of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.*, 823 F.2d 1395, 1398 (10th Cir.1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202, the court held that summary judgment may be granted if the pretrial evidence is merely colorable or is not significantly probative. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356.

## III. ANALYSIS

In the instant action, there are no genuine issues of material fact and thus the remaining legal issues can be appropriately resolved on the cross-motions for summary judgment. Plaintiffs assert the following legal theories in support of their motion for summary judgment: (1) the Forms 870–P are void due to the contract principle of lack of consideration, (2) the Forms 870–P are unenforceable because they cover "at risk" amounts on their individual returns which are not partnership items as contemplated by the agreement, and (3) the Forms 870–P are voidable due to misrepresentations of the IRS.

In their first theory of recovery, Plaintiffs rely on the common law principle of consideration. The U.S. Tax Court has expressly ruled that the common law contract principle of consideration is not required for settlement agreements, such as the one here, which are made pursuant to 26 U.S.C. § 6224(c). *Korff v. Commissioner*, T.C.Memo. 1993–33, 65 T.C.M. (CCH) 1811, 1814, T.C.M. (P–H) 93,033, 1993 WL 17614 (Tax Court, Jan. 28, 1993) (No. 20690–90). This Court agrees with the U.S. Tax Court's ruling in *Korff*.

Plaintiffs' second theory asserts that the Forms 870–P covered "nonpartnership items" and are thus void because they purport only to settle matters with respect to "partnership items." The Court is not persuaded by this theory which seeks to invalidate the agreement on a technical point long after all parties had a fair opportunity to review and object to its terms. *See A.D. Julliard & Co. v. Johnson*, 259 F.2d 837, 843 (2nd Cir.1958). The government's position that the treatment of "at risk" amounts were "partnership items" was disclosed on the rev-

enue agent's reports and the settlement agreements. *See* Joint Exhibits 32, 33, 34, 35, 37, and 39. With knowledge of the government's position, Plaintiffs voluntarily accepted the terms of the settlement. Accordingly, Plaintiffs are estopped from attacking this aspect of the settlement agreement. *See A.D. Julliard,* 259 F.2d at 843.

Plaintiffs' final theory contends that the settlement agreement is voidable due to alleged misrepresentations made by the IRS with respect to the applicability of the statute of limitations to 26 U.S.C. § 465.[4] Plaintiffs are bound by the settlement agreement absent a showing that they were clearly tricked or deceived by the IRS. *See H Graphics/Access Ltd. v. C.I.R.,* T.C.Memo. 1992–345, 63 T.C.M. (CCH) 3148, T.C.M. (P–H) 92,345 at 1786, 1992 WL 129882 (Tax Court, Jun. 15, 1992) (No. 4298–88); *Ingram v. Commissioner,* 32 B.T.A. 1063, 1066, 1935 WL 287 (Tax Court 1935). The government's position on this issue was clearly set forth just as it was on the partnership/non-partnership items issue. *See* Joint Exhibits 32, 33, and 34. The government continues to hold the same legal position that "the representation that the at-risk recapture provisions of 26 U.S.C. § 465 do not depend on the statute of limitations being open for the years for which erroneous deductions are being recaptured is a *correct* representation." United States' Brief Opposing Plaintiffs' Motion For Summary Judgment at 3. Thus, it is clear that what exists are two conflicting interpretations of the law, not a misrepresentation of the law. A dispute of fact or law is not sufficient to set aside a settlement agreement. *See H Graphics* at 1785. Furthermore, Plaintiffs are once again estopped from attacking the settlement agreement which they voluntarily entered. *See A.D. Julliard,* 259 F.2d at 843. Accordingly, Plaintiffs' Motion For Summary Judgment must be denied.

Defendant's Motion For Summary Judgment asserts that the appropriate standard for setting aside the settlement agreement at issue is set forth in *H Graphics.* The Court agrees. In *H Graphics,* the Tax Court held:

> The standard that section 6224(c) prescribes for setting aside a settlement agreement is the same standard prescribed by section 7121(b) for setting aside a closing agreement. Section 7121(a) authorizes [the Commissioner] to enter into agreements in writing with any person in respect to any internal revenue tax for any taxable period. Closing agreements are binding on the parties as to the matters agreed upon and may not be annulled, modified, set aside, or disregarded in any suit or proceeding unless there is a showing of fraud, malfeasance, or misrepresentation of material fact.... Mistakes of fact or law are excluded as grounds for rescission of a closing agreement.... We will follow these same principles in applying Section 6224(c).

*H Graphics* at 1785. As previously discussed, the Court has concluded that there was no fraud, malfeasance, or misrepresentation involved in reaching the settlement agreement at issue in this case. Accordingly, the Court declines to set aside the settlement agreement and thus finds in favor of Defendant.

## IV. ORDER

ACCORDINGLY, it is ORDERED that:

1) Plaintiffs' Motion For Summary Judgment filed April 22, 1993, is DENIED,

2) Defendant's Motion For Summary Judgment filed April 22, 1993, is GRANTED,

3) The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant and against Plaintiff,

4) All dates previously set by the Court are VACATED, and

5) Each party is DIRECTED to bear its own costs.

---

4. "James Fennell and Charles Byrne inquired whether the IRS could include in income amounts erroneously deducted in previous years closed by the statute of limitations. Mr. Robert J. Bunting advised Messrs. Fennell and Byrne that the at-risk recapture provisions of 26 U.S.C. § 465 did not depend on the statute of limitations being open for the years for which the erroneous deductions were being recaptured." Stipulations of Fact, p. 8, ¶ 27.