John R. MONTGOMERY,
Plaintiff–Appellant,

v.

UNITED STATES of America, et al.,
Defendants–Appellees.

No. 90–8621
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 17, 1991.

John R. Montgomery, Fredericksburg, Tex., pro se.

Gary R. Allen, Chief, Randolph L. Hutter and Ann B. Durney, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before POLITZ and DAVIS, Circuit Judges.*

PER CURIAM:

John R. Montgomery appeals the district court's dismissal of his complaint seeking to quiet title to property seized by the Internal Revenue Service (IRS). We dismiss the appeal as frivolous.

I.

On August 8, 1989, the IRS seized a fifteen-acre tract of land owned by Montgomery to satisfy Montgomery's federal income tax liabilities for 1980 and 1981. On August 14, 1989, the IRS again seized

---

* This matter is being decided by a quorum. 28 U.S.C. § 46(d).

the property, this time to satisfy Montgomery's federal income tax liabilities for 1977 through 1979 and 1982 through 1987. In September 1989, Montgomery filed his complaint seeking to quiet title and retrieve his property. In April 1990, the IRS seized a separate tract of land owned by Montgomery. Montgomery had already challenged seizure of this land in his September 1989 complaint.

Montgomery's complaint asked the district court to invalidate the IRS's claims on his land, to void the seizure of both properties, to declare Montgomery as owner of the properties, and to enjoin the IRS from selling the properties. On the day Montgomery filed his complaint, he also moved for a temporary restraining order and preliminary injunction to prevent the IRS from selling his property. The district court held a hearing on Montgomery's motions in October 1989, and denied the motions. The IRS sold both properties in June 1990.

The IRS moved to dismiss Montgomery's claims relating to the validity of the underlying tax assessment for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The IRS argued that Montgomery could not challenge the underlying tax assessment because the United States had not waived sovereign immunity under 28 U.S.C. § 2410. As to Montgomery's remaining claims, the IRS moved for summary judgment. Fed.R.Civ.P. 56. The district court granted both motions and dismissed Montgomery's entire complaint with prejudice. Montgomery appeals.

## II.

In reviewing the district court's dismissal of certain of Montgomery's claims for failure to state a claim upon which relief can be granted, we accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Rankin v. City of Wichita Falls*, 762 F.2d 444, 446 (5th Cir.1985). We affirm the dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

In granting summary judgment on Montgomery's remaining claims, the district court found no genuine issue of material fact. We review the district court's granting of summary judgment de novo. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir.1990).

## III.

■ In his complaint, Montgomery claimed that the district court had jurisdiction over his suit under 28 U.S.C. § 2410, which provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." The district court held that this provision waives sovereign immunity only as to claims based on the legality of the procedures used to enforce a tax lien. Section 2410 does not allow a taxpayer to challenge the validity of the underlying tax assessment in district court. The district court's decision is well-supported. *E.g., Kulawy v. United States*, 917 F.2d 729, 733 (2nd Cir.1990); *Schmidt v. King*, 913 F.2d 837, 839 (10th Cir.1990); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990). Montgomery insists on appeal that he "did not assail the assessment because ... an assessment did not exist as a matter of law." This argument is frivolous. We affirm the district court's decision to dismiss it for failure to state a claim upon which relief can be granted.

## IV.

■ Montgomery also attacked the procedures used by the IRS to collect the tax assessments. He alleged that the IRS did not provide notice and demand for assessments, as required by I.R.C. § 6303(a), before attempting to collect the tax by levy on his property. Montgomery also claimed that the IRS did not follow statutory procedures for seizing his property. I.R.C. § 6335(a). After reviewing summary judgment evidence presented by the IRS, the district court concluded that Montgomery

could raise no genuine issue of material fact and granted summary judgment.

The summary judgment evidence presented by the IRS effectively demonstrates compliance with statutory notice, seizure, and sale requirements. Revenue Officer Peggy Walker, who was assigned to collect the taxes from Montgomery, submitted a declaration and exhibits (including copies of notices and letters from the IRS and certified mail receipts signed by Montgomery) showing that notices of assessment and demands for payment were mailed to Montgomery and that notice of seizure and notice of sale of Montgomery's property were properly issued under I.R.C. § 6335. When the moving party establishes prima facie that there is no genuine issue as to any material fact, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Montgomery offered no rebuttal evidence, but instead moved under Fed.R.Civ.P. 56(f) to defer consideration of the IRS's motion for summary judgment to permit discovery. Montgomery also moved for a discovery conference under Fed.R.Civ.P. 26(f). The district court decided to postpone discovery against the IRS until the court could consider the IRS's motion to dismiss. When the court granted that motion, Montgomery's discovery motions were effectively denied.

After reviewing the record, we conclude that the district court did not err in denying Montgomery's discovery motions. Montgomery presented no evidence in opposition to the IRS's summary judgment evidence, and his discovery motions do not indicate any reason to think that he might generate a genuine issue of material fact. Indeed, Montgomery's discovery motions focus largely on evidence produced by the IRS for summary judgment (e.g., evidence that notices were not mailed). The district court correctly perceived the futility of granting such a motion. We affirm the decision of the district court granting summary judgment.

## V.

The IRS urges us to impose sanctions against Montgomery for frivolous appeal. Under Fed.R.App.P. 38, we are authorized to award "just damages and single or double costs to the appellee." Unlike sanctions under Fed.R.Civ.P. 11, sanctions under Rule 38 are discretionary.

We have previously stated that a frivolous appeal is an appeal in which "the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey,* 852 F.2d 806, 811 (5th Cir.1988). This is such an appeal. At every turn, Montgomery disputes the indisputable and assails the unassailable. He has consumed the valuable time and resources of this Court for his own self-indulgence. The IRS asks for an award of $1,500 in lieu of costs and attorney's fees. We find that award reasonable and award that sum in favor of the United States and against Montgomery. We realize that $1,500 will not cover the entire costs of this appeal, but we hope that this sanction will serve as some deterrence to litigants who are contemplating frivolous appeals.

Because this appeal is frivolous, it is dismissed.

APPEAL DISMISSED. See Local Rule 42.2.