IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 97-50939
Summary Calendar
_____

PATRICIA RAE KOEHLER,

                              Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, Internal
Revenue Service (IRS Agent M.A.
Alcorta); JOHN F. MOORING;
RONALD R. RIVAS,

                              Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas
_____
September 16, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

    The appellant, Patricia Rae Koehler, appeals from the district

court's dismissal of her claims against the United States on the

grounds that the United States was entitled to sovereign immunity.

For the reasons set forth below, we AFFIRM.


## Background

    In the early 1990s, the Internal Revenue Service ("IRS")

determined that Koehler (hereinafter "taxpayer") owed federal

income taxes for the years ending December 31, 1988, and December

31, 1989, in the amounts of $7165.35 and $6914.84, respectively. On December 11, 1995, in order to satisfy her tax liabilities, the IRS seized taxpayer's real property and posted a Notice of Seizure at taxpayer's residence. The IRS did not, however, give taxpayer a Notice of Sale at the time of the seizure. Instead, the IRS mailed taxpayer a Notice of Sale on January 4, 1996. It is undisputed that taxpayer had actual notice of the proposed sale well before the actual sale of the property. In fact, prior to the sale of the property, taxpayer posted a notice at her residence, entitled:

Public Notice
ATTENTION POTENTIAL BIDDERS
IRS PUBLIC AUCTION SALE

The notice then listed "Facts you should know," which consisted of taxpayer's objections to the validity of the seizure and proposed sale. Taxpayer concluded the notice with a warning: "Be advised that the buyers of said property will be involved in ongoing civil litigation, probably lose the property investment, and be included in criminal complaints - Federal and Bandera County." Those desiring "more information" were invited to call the taxpayer at home, and a phone number was provided.

On January 30, 1996, the IRS sold taxpayer's property at a public auction to defendants John F. Mooring and Ronald R. Rivas for $21,955.41. Pursuant to I.R.C. § 6338(a), a certificate of sale was issued to the buyers on that same date. Taxpayer's right of redemption under I.R.C. § 6337 expired on July 29, 1996. See

I.R.C. § 6337(b)(1) (allowing an owner 180 days from the date of sale to redeem real property). It is undisputed that taxpayer did not attempt to redeem the property. Pursuant to I.R.C. § 6338(b), a quitclaim deed was issued to the buyers on August 15, 1996.

On September 19, 1996, taxpayer filed the instant complaint to quiet title, alleging that the United States had not complied with the notice requirements of I.R.C. § 6335 in that the IRS had failed to give her proper notice of the sale. Specifically, taxpayer claimed that the IRS failed to give the required notice of the sale to her or to deliver the notice to her "usual place of abode or business" as required by I.R.C. §§ 6335(a) and (b). On October 18, 1995, taxpayer's motions for a temporary restraining order, preliminary injunction, and permanent injunction were denied by the district court. On that same date, the United States then filed a motion to dismiss or for summary judgment on the grounds that it was entitled to sovereign immunity. Although the government acknowledged that the IRS had failed to give taxpayer a Notice of Sale in accordance with the requirements of I.R.C. § 6335(b), the government asserted that, because it had sold the property in question prior to the filing of the complaint, the government had not waived its sovereign immunity, and the complaint should be dismissed for lack of subject matter jurisdiction. In the alternative, the government argued that taxpayer was not entitled to equitable relief because she had actual notice of the sale before it occurred and that she failed to commence this action in

a timely manner.

On September 15, 1997, the district court granted the government's motion to dismiss, finding that the taxpayer could "only maintain a cause of action against the United States to quiet title when the United States has a claim on the property in question. In this case, the United States has already transferred title to Defendants Mooring and Rivas, and, therefore, this Court is without jurisdiction to hear her claims." A judgment of dismissal was entered that same day.[1] On September 26, 1997, taxpayer filed a motion for reconsideration, which the district court denied by order dated November 9, 1997.

Taxpayer now appeals the district court's order granting the government's motion to dismiss for lack of subject matter jurisdiction and the order denying her motion for reconsideration.

## Standard of Review

Whether the United States is entitled to sovereign immunity is a question of law which this court reviews de novo. Cf. Stena Rederi AB v. Comision de Contratos, 923 F.2d 380, 386 (5th

---

[1] Although the district court entered a judgment on September 15, 1997, the court still had a case pending before it because of taxpayer's claims against defendants Rivas and Mooring. Thus, there is some question as to whether the district court properly entered judgment on September 15, 1997, and consequently whether plaintiff's notice of appeal was premature. We need not address any of the issues raised by these events, however, because any problems with our jurisdiction resulting from a premature notice of appeal were cured when the district court entered an order dismissing plaintiff's claims against defendants Rivas and Mooring and remanded the action to the County Court of Bandera County, Texas. See Jetco Elec. Indus., Inc. v. Gardiner, 473 F.2d 1228, 1231 (5th Cir. 1973). Taxpayer has not appealed the district court's dismissal of her claims against Rivas and Mooring.

Cir.1991).

## Discussion

It is well settled that the United States may not be sued except to the extent that it has consented to suit by statute. See United States v. Dalm, 494 U.S. 596, 608 (1990). The terms of such consent, if any, may not be implied but must be unequivocally expressed. See United States v. King, 395 U.S. 1, 4 (1969). Consequently, no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued. See Soriano v. United States, 352 U.S. 270, 276 (1957). Where the United States has not consented to suit or the plaintiff has not met the terms of the statute, the court lacks jurisdiction and the action must be dismissed. See Fed. R. Civ. P. 12(h)(3); Dalm, 494 U.S. at 608.

Taxpayer asserts that the United States has waived its sovereign immunity by virtue of 28 U.S.C. § 2410(a).[2] Section 2410(a) provides, in relevant part:

> The United States may be named as a party in any civil action or suit in district court . . . having jurisdiction of the subject matter to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien.

---

[2] Taxpayer also maintains that this court has jurisdiction over her claims by virtue of 28 U.S.C. 1331. It is well settled, however, that sovereign immunity is not waived by a general jurisdictional statute such as 28 U.S.C. § 1331. See Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380 (5th Cir. 1989).

28 U.S.C. § 2410(a).  Although the government does not challenge the ability of a taxpayer to contest the procedural validity of a tax lien under § 2410(a),[3] the government argues that § 2410(a) is inapplicable in this case because the government had already sold the property in question by the time taxpayer filed her quiet title action.  Thus, the government argues, it did not have a mortgage or other lien on taxpayer's property at the time she filed suit.  Consequently, the government argues, the plain terms of § 2410(a) were not met, and there was no waiver of sovereign immunity.

Although this court has not addressed this particular issue,[4] each of the courts that have addressed it has uniformly concluded that a taxpayer may maintain an action under § 2410(a) "only if, at the time the [§ 2410(a)] action is commenced, the government still claims a lien or a mortgage on the property.  If the government has sold the property prior to the filing of the [§ 2410(a)] suit, . . . § 2410(a) does not apply."  Hughes v. United States, 953 F.2d 531, 538 (9th Cir. 1991); accord Dahn v. United States, 127 F.3d 1249, 1251-52 n.1 (10th Cir. 1997) (citing Hughes); Murray v.

---

[3]  The courts have consistently interpreted § 2410(a) to create a waiver of the government's immunity only in cases in which a taxpayer seeks to challenge the procedural validity of a tax lien that the government has or claims on the property that is the subject of the quiet title action.  A taxpayer may not use § 2410(a) to challenge the validity of the underlying tax assessment.  See Montgomery v, United States, 933 F.2d 348, 349 (5th Cir. 1991).

[4]  We have, however, consistent with the rules underlying all sovereign immunity inquiries, construed § 2410(a) narrowly.  For example, in Cummings v. United States, we held that § 2410(a) does not apply where the United States claims only a title interest in the property rather than a lien interest.  648 F.2d 289, 292 (5th Cir. 1981); accord United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 737 (5th Cir. 1980); Bertie's Apple Valley Farms v. United States, 476 F.2d 291, 292 (9th Cir. 1973).

<u>United States</u>, 520 F. Supp. 1207, 1210 (D.N.D. 1981), <u>aff'd on other grounds</u>, 686 F.2d 1320 (8th Cir. 1982); <u>MacElvain v. United States</u>, 867 F. Supp. 996, 1002-03 (M.D. Ala. 1991); <u>Brewer v. United States</u>, 764 F. Supp. 309, 314 (S.D.N.Y. 1991). <u>See also Kulawy v. United States</u>, 917 F.2d 729, 733-34 (2d Cir. 1990) (finding that the district court had jurisdiction over a § 2410(a) quiet title action even though the government had sold the property because the government still had a lien on the property at the time the § 2410(a) suit was commenced). Because we conclude that this interpretation is dictated by the plain terms of the statute,[5] we now join these courts in holding that taxpayer may maintain a suit

---

[5]      This limitation also has a practical justification:

The most persuasive reason for this limitation is in the very nature of a quiet-title action. The purpose of a quiet-title action is "to determine who owns the title to real or personal property over which the United States has asserted some interest," <u>Smith v. United States</u>, 1989 WL 91136 at *4 (M.D.Ala. June 19, 1989) (Thompson, J.), and implicit in this purpose is the requirement that the defendant--in this case the United States-- have, at the time of the initiation of the lawsuit, an interest adverse to that of the plaintiff. Indeed, consistent with this purpose, § 2410(a) requires that "The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States." Moreover, this reading of § 2410(a) is consistent with the understanding that has devolved from its ancient underpinnings. State courts have held that in order to maintain quiet- title actions, which have their roots in courts of chancery from the earliest times, there must be a showing that the defendant asserts a claim or interest that is adverse to the plaintiff's. <u>See, e.g.</u>, <u>Sadler v. Home Savings</u>, 733 S.W.2d 856 (Mo.App. 1987) (once bank had assigned deed of trust it no longer had interest in property and was properly dismissed from quiet-title action); <u>Lake Garda Improvement Association v. Battistone</u>, 155 Conn. 287, 231 A.2d 276 (1967) (an action to quiet title is quasi in rem and lies against those who at time it is instituted are present claimants to land under an instrument that creates cloud); 74 C.J.S. Quieting Title S 37 ("In order to maintain the statutory action to determine adverse claims to realty, there must be a showing that defendant asserts a claim which is adverse to plaintiff's title or possession.") (1951).

<u>McElvain</u>, 867 F. Supp. at 1002-03.

- 7 -

under § 2410(a) only if at the time she files suit the government had a mortgage or other lien on the property that is the basis of the taxpayer's quiet title action.

In this case, there is no dispute that the property at issue was sold by the United States prior to taxpayer's filing of her complaint. Recognizing this, taxpayer argues that, because the government failed to comply with the notice requirements of I.R.C. § 6335(b), the quitclaim deed issued to defendants Mooring and Rivas was ineffective to convey title, and therefore the government still retains a lien interest in the property. Consequently, taxpayer argues, pursuant to § 2410(a), the government has waived its sovereign immunity, and the district court had jurisdiction over her suit pursuant to § 2410(a).[6]

Although facially appealing, this argument misses the effect of sovereign immunity. At its core, sovereign immunity deprives the courts of jurisdiction irrespective of the merits of the underlying claim. If the specific terms of the statute are not met, the federal courts have no jurisdiction to address the merits of the plaintiff's claim. Were we to accept taxpayer's argument,

---

[6] Taxpayer suggests that this court has already adopted this reasoning in Reece v. Scoggins, 506 F.2d 967, 971 (5th Cir.1975). Although Reece affirmed a district court opinion voiding the government's sale of a taxpayer's property for failing to comply with the procedural requirements of § 6335, we find that Reece is not controlling for the simple reason that the court did not address the issue of whether the United States needed to have a lien on the property at the time the suit was filed in order for § 2410(a) to waive the government's sovereign immunity. The failure of the court to address this issue is easily explained -- as the Reece court itself noted, the IRS was not a party to the appeal. See id. at 968 ("The IRS, a named defendant before the district court, has subsequently withdrawn from the case.").

we would first have to find for her on the merits and then reason backwards to find a waiver of sovereign immunity. Because sovereign immunity is jurisdictional and, therefore, deprives this court of the ability to hear the merits of the claim altogether, such reasoning is inherently flawed. In the end, because the plain and unambiguous terms of § 2410(a) have not been met -- i.e., the government no longer claims an interest in the property -- § 2410(a) does not confer subject matter jurisdiction irrespective of how meritorious taxpayer's claims may be.[7]


## Conclusion

For the reasons set forth above, the judgment of the district court dismissing taxpayer's claims against the United States on the basis of sovereign immunity is AFFIRMED.

---

[7] We recognize that under circumstances more egregious than those presented here, this conclusion might produce some harsh results. As noted above, however, in this case, taxpayer had actual notice of the sale prior to the sale itself and took no steps either to enjoin the sale of the property or, after the sale was complete, to redeem her property under I.R.C. § 6337. Under such circumstances, we fail to see any inequities. Moreover, we note that taxpayer may still maintain her action against defendants Mooring and Rivas in state court. If she is successful in that action and the state court voids the sale of the property, the United States may then once again have a lien on the property. At that time, taxpayer may bring whatever actions she may have, if any, under § 2410.