IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10407
Conference Calendar

_____

OLIVER NEAL PAULSON; SANDRA NEON PAULSON,

Plaintiffs-Appellants,

versus

LEWIS GILES; KATHY GOWENS; NANCY S. SPOTSER;
UNITED STATES OF AMERICA; EMMET J. SCHAYOT;
BOBBY E SCOTT,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1452-G
- - - - - - - - - -
December 9, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Oliver Neal Paulson and Sandra Neon Paulson appeal the
district court's dismissal of the United States from this suit on
sovereign immunity grounds.  They maintain that the seizure and
sale of their real property by the Internal Revenue Service (IRS)
pursuant to a tax lien were invalid because the IRS did not give
proper notice under 26 U.S.C. § 6335(a) and (b).  They argue that
because the sale to a third party was thus made invalid, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States still has a lien on the property and sovereign immunity has been waived under 28 U.S.C. § 2410(a).

In <u>Koehler v. United States</u>, 153 F.3d 263 (5th Cir. 1998), this court held that the same procedural error committed by the IRS would not serve to negate the sale and recreate a lien on the property on behalf of the United States. "At its core, sovereign immunity deprives the courts of jurisdiction irrespective of the merits of the underlying claim. If the specific terms of the statute are not met, the federal courts have no jurisdiction to address the merits of the plaintiff's claim." <u>Id.</u> at 267. "In the end, because the plain and unambiguous terms of § 2410(a) have not been met -- i.e., the government no longer claims an interest in the property -- § 2410(a) does not confer subject matter jurisdiction irrespective of how meritorious taxpayer's claims may be." <u>Id.</u> For the same reasons, the district court's dismissal of the United States on sovereign-immunity grounds is AFFIRMED.