IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10484
_____

IN RE: PAIGE B. BAYOUD,

PHLLIP S. BAYOUD,

                                        Appellant,

                        versus

JEFFERY H. MIMS, ETAL.,

                                        Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-222-D)

_____

December 27, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM[*]:

     Phillip Bayoud ("Bayoud") appeals from the district court's
order affirming the bankruptcy court's order denying Bayoud's
motion to remove and disqualify appellee Jeffery H. Mims, the
Trustee in the estate of Bayoud's brother Paige B. Bayoud ("Mims"),
the Trustee's counsel, and counsel's law firm.  Because it is
patently frivolous, Bayoud's appeal is dismissed.  *See* Local Rule
42.2; *Buck v. Unites States*, 967 F.2d 1060, 1063 (5th Cir. 1992).

     Bayoud has also filed a number of equally incoherent and

     [*] Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

frivolous motions with this court.  We DENY: 1) Bayoud's motion for sanction of $100,000 against Mims; 2) Bayoud's "objection to [Mims] for lack of standing in interference in the corporation," which we treat as a motion to dismiss Mims as an appellee; and 3) Bayoud's motion to strike Mims' brief.  We also DENY AS MOOT: 1) Bayoud's "motion to keep the reply brief as it is," which we construe as a motion to file Bayoud's reply brief in its present form, and 2) Bayoud's "motion for leave to file Supplement Record," which we construe as a motion to supplement the record on appeal.

Finally, we DENY Mims' motion for sanctions against Bayoud in the amount of $50,000.  Mims has failed to explain the legal grounds on which he seeks sanctions, and has failed entirely to support the $50,000 figure.  While we invoke our discretion not to impose sanctions in this instance, *see Montgomery v. United States*, 933 F.2d 348, 349 (5th Cir. 1991), we warn Bayoud that sanctions can be imposed for the filing of frivolous appeals such as this one.  *See* FED. R.APP.P.38.  Further vexations filings from Bayoud, including any frivolous petition for rehearing, will subject Bayoud to monetary sanctions.  *See Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 941 (5th Cir. 1994).