# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

─────────────

m 99-31010
Summary Calendar

─────────────

KENNETH L. CELESTINE,

Plaintiff-Appellant,

VERSUS

FEDERAL EMERGENCY MANAGEMENT AGENCY,
UNITED STATES GOVERNMENT,

Defendant-Appellee.

─────────────────────

Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-1339-S)

─────────────────────

May 2, 2000

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

PER CURIAM:[*]

Kenneth Celestine appeals the FED. R. CIV. P. 12(b)(1) dismissal of his suit against the Federal Emergency Management Agency ("FEMA"), asserting that the preclusion of judicial review found at 42 U.S.C. § 5148 violates U.S. CONST. art. III. We affirm.

I.

The Robert T. Stafford Disaster Relief and Emergency Assistance Act ("Stafford Act"), 42 U.S.C. §§ 5121 et seq., gives FEMA the authority to distribute funds to persons who have suffered damage in Presidentially-declared "major disaster" areas. *See* 42 U.S.C. § 5170. Celestine applied for "Temporary Housing Assistance" funds in the aftermath of Hurricane Georges and Tropical Storm Frances in 1998. *See* 42 U.S.C. § 5174(c). After receiving less funds than he believed he was entitled to, Celestine sued in Louisiana state court claiming that FEMA had breached a promise to provide a higher level of funds.

FEMA removed the case to federal court pursuant to 28 U.S.C. § 1442(a) and filed a motion to dismiss pursuant to rule 12(b)(1). Section 308 of the Stafford Act, 42 U.S.C. § 5148, provides:

The Federal Government shall not be

─────────────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or any employee of the Federal Government in carrying out the provisions of this chapter.

Finding Celestine to be challenging such a discretionary function, the court granted FEMA's motion to dismiss for want of subject matter jurisdiction.

## II.

Celestine does not dispute that the challenged acts fall within the § 5148 limitation, but instead urges that the provision's restriction on judicial review violates Article III. This assertion conflicts with basic principles of sovereign immunity.

It is well settled that the United States may not be sued except to the extent that it has consented to suit by statute. . . . Where the United States has not consented to suit or the plaintiff has not met the terms of the statute, the court lacks jurisdiction and the action must be dismissed.

*Koehler v. United States*, 153 F.3d 263, 265-66 (5th Cir. 1998). *See also United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). While Congress might lack authority to prevent judicial review of unconstitutional agency action, Celestine does not claim that FEMA acted in an unconstitutional manner. *See Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 681 n.12 (1986). The plain language of § 5148 precludes judicial review of certain administrative actions, and that preclusion does not violate Article III. *See Bowen*, 476 U.S. at 670; *Block v. Community Nutrition Inst.*, 467 U.S. 340, 344-45 (1984).

AFFIRMED.