United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 02-11370
Summary Calendar**

---

**STUART E. GLASS,**

**Plaintiff-Counter Defendant-Appellant,**

**versus**

**UNITED STATES OF AMERICA,**

**Defendant-Counter Claimant-Appellee.**

---

**Appeal from the United States District Court
for the Northern District of Texas
(3:00-VC-1543-L)**

---

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Glass appeals a summary judgment dismissing, *without prejudice*, his 26 U.S.C. § 7433 claims (damages for improper *collection* of Federal taxes) and his 26 U.S.C. § 7422 claim for refund of $ 1,249. The district court concluded it lacked subject matter jurisdiction over these claims because Glass failed to exhaust his administrative remedies.

Sections 7422 and 7433 provide a limited waiver of sovereign immunity. Under § 7422, a taxpayer may sue for a refund of taxes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously or illegally assessed; under § 7433, for direct economic damages "in connection with any collection of Federal tax with respect to a taxpayer", where an IRS officer or employee intentionally, recklessly, or negligently disregards provisions of the tax code or regulations.

Both provisions limit the sovereign immunity waiver by requiring taxpayers to file administrative claims before seeking remedies under these statutes. 26 U.S.C. § 7422(a)(no suit "until a claim for refund ... has been duly filed with the Secretary"); 26 U.S.C. § 7433(d)(1) (no damages "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the" IRS).

Of course, when a plaintiff suing the United States has failed to satisfy the terms of a waiver provision, the court lacks jurisdiction. *E.g., **Koehler v. United States**, 153 F.3d 263, 266 (5th Cir. 1998) (no waiver where action outside scope of 28 U.S.C. 2410(a) (authorizing action to quiet title where United States holds lien or mortgage on property); **Porter v. Fox**, 99 F.3d 271, 274 (8th Cir. 1996) (failure to exhaust administrative remedies under § 7433 deprives court of jurisdiction); **Venen v. United States**, 38 F.3d 100, 103 (3d Cir. 1994) (same); **Conforte v. United States**, 979 F.2d 1375, 1377 (9th Cir. 1993) (same).

The requisite administrative procedures necessary for bringing a § 7433 claim are found in 26 C.F.R. § 301.7433-1(e). **Shaw v.**

2

***United States***, 20 F.3d 182, 183 (5th Cir.), *cert. denied*, 513 U.S. 1041 (1994). This regulation states that putative plaintiffs must file an administrative claim and wait six months before bringing an action in district court. 26 C.F.R. § 301.7433-1(a) & (d). The claim must be in writing and signed by the taxpayer or his authorized representative and must state: the taxpayer's name and address; the grounds for the claim; a description of injuries; and the dollar amount of the claim. 26 C.F.R. § 301.7433-1(e).

For the § 7433 improper collection claim, at issue are the following IRS actions: (1) a 5 April 1999 Notice of Tax Due on Federal Tax Return; (2) a 2 August 1999 Notice of Intent to Levy; and (3) a 13 September 1999 notice of withholding a $ 1,249 refund as partial payment of a 26 U.S.C. § 6672 civil penalty.

Glass asserts that two letters, dated 3 June and 3 September 1999, are administrative claims, respectively, for the first two purportedly improper collection actions. The district court held these letters are not administrative claims because they do not request an administrative hearing. As noted, 26 C.F.R. § 301.7433-1(e) does not require such a request. Nonetheless, these letters fail to meet § 301.7433-1(e)'s requirements. Although these letters challenge the *assessment* of $17,052.68 and request a refund of $100 for tax liability, they do not assert improper *collection* or a dollar amount in damages for that claimed improper conduct. *See* **Shaw**, 20 F.3d at 184 ("improper assessment deals with the

3

decision to impose tax liability while improper collection activity involves conduct of an agent trying to collect the taxes owed").

As for the last collection action and the § 7422 refund claim of $1,249, the district court concluded Glass failed to submit an administrative claim. Glass asserts: the 3 September 1999 letter properly challenged the underlying action for which the IRS withheld the $1,249; the IRS' withholding this money was unforeseeable; and his administrative remedies were thereby exhausted. As stated above, the 13 September letter is not an administrative claim; and the record does not reflect Glass submitted other letters regarding the $1,249 withholding.

*AFFIRMED*