# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

March 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-50538
Summary Calendar

DEBBIE ECHOLS; RHONDA ECHOLS

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Consolidated with
No. 09-50541

DEBBIE ECHOLS; RHONDA ECHOLS

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA, via the Farm Service Agency

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 6:09-CV-33, 6:09-CV-12

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

Nos. 09-50538, 09-50541

PER CURIAM:[*]

Debbie Echols and Rhonda Echols ("Appellants") sued the United States to quiet title to real property in Limestone County, Texas (the "property"). Because the United States does not own or claim any interest in the property, we lack subject matter jurisdiction to resolve the dispute. 28 U.S.C. §§ 2409a, 2410.

For purposes of this appeal, the facts are not in dispute. The property was initially owned by Arbra and Patsy Echols. In 1993, they executed a deed of trust for the benefit of Arbra's brother, Carlton Echols, and Carlton's wife, Irene Echols, to the predecessor of the Farm Services Agency ("FSA"). The deed of trust offered the property as collateral to secure two notes for Carlton. Because of death and illness, the secured notes fell into default. At the direction of the FSA, Arbra and Irene entered voluntary liquidation in 1996. Appellants assert that Arbra and Irene sold the property to them on April 26, 1996. They also assert that they settled the FSA's lien and properly recorded title. Appellants thereafter acted in all respects as owners of the property with good title.

On March 6, 2007, the FSA foreclosed on the property and sold it to Gulledge and Sons, LLC ("Gulledge") via warranty deed. Appellants learned of the sale in August 2007 when Trey Gulledge visited the land. Until that time, Appellants believed that the FSA had no interest in the property and were unaware of any actions by FSA to sell the property.

On January 20, 2009, Appellants filed a quiet title action in United States District Court for the Western District of Texas under 28 U.S.C. § 2409a to "declare that the title claims of defendant United States to such real property

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are of no validity whatsoever" (Case No. 09-cv-00012).  On January 22, 2009, Appellants filed an action in the 77th District Court of Limestone County, Texas, to set aside the sale and cancel the trustee's deed under 28 U.S.C. § 2410.  The state court action was removed to the United States District Court for the Western District of Texas by the government on February 10, 2009 (Case No. 09-cv-00033).  In support of both claims, Appellants alleged that the Farm Service Agency had waived its lien in 1996, voided the deed of trust by refusal of payment, and then seized and "conveyed" the property to a foreclosure purchaser at public auction on March 6, 2007, despite knowledge of Appellants' purchase and warranty deed.

In separate rulings, the district court dismissed the claims for lack of subject matter jurisdiction under §§ 2409a and 2410.  Appellants appealed both rulings, and this court consolidated the two cases on September 8, 2009.

This court reviews questions of subject matter jurisdiction *de novo*. *Hussain v. Boston Old Colony, Ins. Co.*, 311 F.3d 623, 628 (5th Cir. 2002). A party suing the United States must allege both a basis for the court's jurisdiction, FED. R. CIV. P. 8(a)(1), and a specific statute containing a waiver of the United States's sovereign immunity from suit. *Lundeen v. Minetta*, 291 F.3d 300, 304 (5th Cir. 2002).  Sovereign immunity is waived only by explicit, unequivocal statutory language, which is strictly construed, in terms of its scope, in favor of the sovereign.  *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092 (1996).  Absent a waiver of sovereign immunity, the federal government is immune from suit.  *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S. Ct. 1965 (1988).

Appellants cite two statutes that waive sovereign immunity:  28 U.S.C. §§ 2409a and 2410.  Both waive sovereign immunity in cases involving real property disputes like the one at bar.  Section 2409a subjects the United States to suit where "the United States claims an interest, other than a security

interest or water rights," in real property. 28 U.S.C. § 2409a(a). Section 2410 subjects the United States to suit where "the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). Neither provision is applicable here, because the United States does not own or claim an interest in the disputed real property.

First, Appellants did not challenge the disclaimer or the court's order in the suit premised on § 2409a.[1] The district court properly dismissed this suit for lack of jurisdiction. *See Leisnoi, Inc. v. United States*, 313 F.3d 1181, 1184 (9th Cir. 2002) ("Once the United States filed its disclaimer of the land . . . the plain terms of § 2409a(e) deprived the district court of jurisdiction.").[2]

Second, Appellants claim that the government waived its sovereign immunity under § 2410. They assert that because of defects in the foreclosure, the government still retains a lien, and therefore, § 2410 waives sovereign immunity. Alternatively, Appellants contend that even if the government does not have a lien, § 2410 still waives sovereign immunity when the government failed to follow proper procedures. *See Popp v. Eberlein*, 409 F.2d 309 (7th Cir. 1969) (court retained jurisdiction under § 2410 to resolve dispute about whether a public sale was corrupt); *Aqua Bar & Lounge, Inc. v. U.S. Dep't of Treasury*,

---

[1] Section 2409a(e) states:
If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

[2] Appellants assert, for the first time on appeal, that the government does have an interest in the property despite the disclaimer. The Appellants cannot attack the disclaimer for the first time in this court after failing to raise it at the district court level. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctr., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered.").

539 F.2d 935 (3d Cir. 1976) (the court retained jurisdiction under § 2410 to determine whether a tax lien was properly imposed).

Under § 2410, the United States waives its sovereign immunity in a real property dispute where "the United States has or claims to have a mortgage or other lien." A party can raise a claim "only if, at the time the § 2410(a) action is commenced, the government still claims a lien or a mortgage on the property." *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998) (internal quotations and citations omitted). "If the government has sold the property prior to the filing of the § 2410(a) suit, § 2410(a) does not apply." *Id.* (internal quotations and citations omitted). The cases cited by Appellants are not controlling as this court has held that it may not review the validity of a foreclosure sale for procedural errors because such review would be ruling on the merits of the case. *Id.* at 267. In *Koehler*, the plaintiffs challenged the validity of a quitclaim deed because the IRS failed to provide the plaintiffs with proper notice of a foreclosure as required by IRS regulations. *Id.* at 265. The plaintiff claimed that the quitclaim title was ineffective and, therefore, the government still had a lien. The *Koehler* court rejected this reasoning, holding:

> At its core, sovereign immunity deprives the courts of jurisdiction irrespective of the merits of the underlying claim. If the specific terms of the statute are not met, the federal courts have no jurisdiction to address the merits of the plaintiff's claim. Were we to accept taxpayer's argument, we would first have to find for her on the merits and then reason backwards to find a waiver of sovereign immunity. Because sovereign immunity is jurisdictional and, therefore, deprives this court of the ability to hear the merits of the claim altogether, such reasoning is inherently flawed. *In the end, because the plain and unambiguous terms of § 2410(a) have not been met—i.e., the government no longer claims an interest in the property—§ 2410(a) does not confer subject matter jurisdiction irrespective of how meritorious taxpayer's claims may be.*

*Id.* at 267 (emphasis added).  Accordingly, even procedurally defective sales prevent waiver of sovereign immunity under § 2410.

The foreclosure sale  extinguished the United States's lienholder interest in the property.  *See Conseco Fin. Servicing Corp. v. J&J Mobile Homes, Inc.*, 120 S.W.3d 878, 883 (Tex. App.– Fort Worth, 2003) ("in foreclosure prior lienholders are divested of title to the property, and their liens are extinguished").  Per *Koehler*, because the foreclosure sale took place before trial, sovereign immunity is not waived.  Appellants are free to raise these procedural defects in the foreclosure in a quiet title suit against Gulledge, but they cannot do so against the government.

Finally, Appellants assert that *Koehler* is inapplicable because it involved a quitclaim deed and this case involves a general warranty deed.  Appellants are correct on the facts, but wrong on the law.  While *Koehler* did involve a quitclaim deed, its legal holding was broader.  *Koehler* prevents this court from reviewing a case under § 2410 if the disputed property is sold, even if the sale is procedurally flawed.  *Koehler*, 153 F.3d at 267.  Determining whether the foreclosure sale was invalid would require a resolution on the merits which sovereign immunity prevents.

For the foregoing reasons, the district court's judgment is AFFIRMED.