[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15669
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cv-81504-JIC

MICHAEL LOVE,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 8, 2013)

Before DUBINA, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Michael Love, proceeding *pro se*, appeals the district court's order

of dismissal for lack of subject matter jurisdiction of his civil action that sought to

quiet title to real property sold by the Internal Revenue Service's Property Appraisal and Liquidation Specialists at a court-ordered sale.  *See* 28 U.S.C. § 2410(a).  The property was sold in order to satisfy the government's tax liens on the property, and the property's sale was confirmed by a court order before Love filed the instant complaint.  In dismissing Love's complaint, the district court determined that Love had not shown a waiver of sovereign immunity under § 2410, as the government no longer had an interest in the property at the time he filed the complaint.

On appeal, Love argues *pro se* that the district court had jurisdiction over his claim, pursuant to 28 U.S.C. §§ 2409a and 1346(f), because the government owned the subject property at the time of its sale.  He contends that the court erred in determining that it lacked subject matter jurisdiction under § 2410.  Love further argues that the court had jurisdiction over his complaint because the sale was void, such that title never passed to the third-party purchaser, and because he did not receive notice that he had to dispute the sale prior to the confirmation of the sale.  Additionally, he argues the merits of his quiet title action.

The subject matter jurisdiction of the district court is reviewed *de novo*.  *Mutual Assurance, Inc. v. United States*, 56 F.3d 1353, 1355 (11th Cir. 1995).  The United States, as sovereign, is immune from suit, except where it consents to be sued.  *McMaster v. United States*, 177 F.3d 936, 939 (11th Cir. 1999).  The terms

of its consent to be sued define the district court's jurisdiction to entertain the suit. *Id.* The terms upon which the government consents to be sued must be strictly observed and exceptions to such consent are not to be implied. *Id.*

Pursuant to § 2409a, a plaintiff may name the United States as a party defendant in a civil action to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. 28 U.S.C. § 2409a(a). District courts have exclusive jurisdiction of civil actions under § 2409a to quiet title to an interest in real property in which an interest is claimed by the United States. *See* 28 U.S.C. § 1346(f); *see also Key v. Wise*, 629 F.2d 1049, 1067 (5th Cir. 1980) (providing that § 1346(f) is an exclusive grant of jurisdiction of § 2409a suits to the federal courts).

Pursuant to § 2410, a plaintiff may name the United States as a party in a civil action to quiet title to real property "on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). Section 2410 waives sovereign immunity in certain cases. *See Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991) (providing that § 2410(a) waived sovereign immunity, such that plaintiff could challenge a federal tax lien). The Fifth Circuit has persuasively held, however, that § 2410 does not waive sovereign immunity where the government no longer claims an interest in the subject property. *See Koehler v. United States*, 153 F.3d 263, 266-67 (5th Cir. 1998) (persuasive authority providing that the district

3

court was without jurisdiction to hear a § 2410 action where the government no longer claimed an interest in the property, because the plain and unambiguous terms of § 2410(a) had not been met).

Love's amended complaint does not allege that the subject property was owned by the government or allege that the government had a lien on the subject property.  Thus, regardless of whether Love sought to bring his suit under § 2409a or § 2410, we conclude that the district court properly dismissed his complaint, as he failed to set forth with particularity the nature of the right, title, or interest claimed by the government or to describe with particularity the nature of the interest or lien of the United States.  *See* 28 U.S.C. §§ 2409a(d), 2410(b).

Even assuming that Love's complaint contained the proper jurisdictional allegations, we conclude that the district court still lacked jurisdiction over his complaint.  Because the government originally had a lien on the property at issue in Love's complaint, his action was proper under § 2410, not § 2409a.  Further, because the government's lien on the property had been satisfied by the time Love filed suit, the government did not waive sovereign immunity under § 2410.  *See* 28 U.S.C. § 2410(a); *Koehler*, 153 F.3d at 266-67.  Although Love argues that the sale of the property to the third party was invalid, such that the government still has an interest in the property, his argument is without merit.  In order to find a waiver of sovereign immunity under the circumstances set forth by Love, we would first

4

have to find in his favor on the merits as to the invalidity of the sale and as to the notice issue and then reason backward to find a waiver of sovereign immunity. However, because sovereign immunity is jurisdictional and deprived the district court of the ability to hear the merits of the case, such reasoning is flawed. Because the district court lacked jurisdiction over Love's complaint, as the terms of § 2410 had not been satisfied, we do not address his arguments concerning the merits of his claim.

For the foregoing reasons, we affirm the judgment of dismissal.

**AFFIRMED.**