# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40142
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD MAURICIO GUEVARA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-652-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ronald Mauricio Guevara appeals the 57-month, within-Guidelines sentence imposed following his guilty plea to being unlawfully present in the United States after having previously been deported subsequent to a felony conviction. Guevara argues that his guilty plea was involuntary because the magistrate judge (MJ) erred under Federal Rule of Criminal Procedure 11 by failing to advise him that he would be denied naturalization if he pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty.  He further argues that his sentence is procedurally and substantively unreasonable because the district court: (1) improperly relied on prior criminal encounters that did not lead to convictions and (2) did not fully consider his mitigating circumstances.

Guevara did not raise the Rule 11 issue before the district court.  We therefore review for plain error only.  *United States v. Vonn*, 535 U.S. 55, 63 (2002).  Guevara's rearraignment hearing occurred prior to the December 2013 amendments to Rule 11, which required district courts to inform a defendant that if he is not a United States citizen, a conviction could result in his removal from the United States as well as denial of citizenship and denial of admission. FED. R. CRIM. P. 11(b)(1)(O).  Despite not being required to do so, the MJ admonished Guevara about the possible immigration consequences of pleading guilty, namely that he could be deported, removed, or excluded and would not be allowed to legally reenter the United States.  Given these advisements and Guevara's "solemn declarations in open court" that he understood the charges against him and the consequences of pleading guilty, he cannot demonstrate that but for the MJ's failure to specifically note that he could be denied naturalization, he would likely not have pleaded guilty.  *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009); *see United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Because Guevara also did not challenge the reasonableness of his sentence in the district court, we review for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  Guevara's argument that his sentence is procedurally unreasonable is frivolous because the record makes clear that, contrary to Guevara's assertion, the district court did not consider any dismissed or no-billed charges in determining the sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Delgado-*

No. 14-40142

*Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009); *Montgomery v. United States*, 933 F.2d 348, 350 (5th Cir. 1991).

Moreover, the record also reflects that the district court considered the relevant 18 U.S.C. § 3553(a) factors as well as Guevara's arguments for mitigating his sentence but implicitly overruled those arguments and concluded that a within-Guidelines sentence was adequate and appropriate. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Accordingly, we decline Guevara's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Guevara's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Guevara has not demonstrated that the district court committed error, plain or otherwise, by sentencing him to a within-Guidelines, 57-month prison term and, thus, has not shown that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392. Accordingly, the judgment of the district court is AFFIRMED.