**Thomas E. ALEXANDER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 4:92–CV–670–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Aug. 26, 1993.

Benjamin Allen Douglas, Cary Lyndon Jennings, Douglas Kressler & Wuester, Fort Worth, TX, for plaintiff.

Jon E. Fisher, U.S. Dept. of Justice, Tax Div., Dallas, TX, for defendant.

*MEMORANDUM OPINION and ORDER*

McBRYDE, District Judge.

Came on for consideration the motion of plaintiff, Thomas E. Alexander, for summary judgment and the cross-motion of defendant, United States of America, for summary judgment. The court, having considered the motions, the summary judgment evidence, the record and applicable authorities, finds that defendant's motion for summary judgment should be granted and that plaintiff's motion should be denied.

I.

*Undisputed Facts*

The parties agree that the following facts are undisputed:

Plaintiff is a citizen of the United States and resides within this judicial district. This

---

is an action arising under the Internal Revenue laws of the United States for the refund of taxes alleged to have been illegally assessed against, and collected from, plaintiff. Venue is proper pursuant to 28 U.S.C. § 1402(a).

Plaintiff timely filed a federal income tax return (Form 1040) for the year 1984 with the Internal Revenue Service ("IRS") Service Center in Austin, Texas, and paid the amount of the income taxes shown to be due on the return. On May 16, 1988, the IRS Service Center in Kansas City, Missouri, issued a Notice of Final Partnership Administrative Adjustment ("FPAA") to plaintiff as a partner of Columbia Building, Ltd., a limited partnership ("partnership"). The FPAA indicated that there were adjustments to the partnership return for the year 1984 resulting in additional tax to plaintiff. On May 18, 1988, plaintiff signed the IRS Form 870–P enclosed with the FPAA, thereby waiving the restrictions on assessment of any deficiency resulting from the IRS' proposed adjustments. On April 24, 1989, plaintiff was notified by IRS of the assessment of additional tax and interest against him arising from the adjustments to the partnership return. By check dated May 2, 1989, plaintiff paid the total amount of additional tax and interest assessed of $26,579.67.

In October of 1990, plaintiff received notice from counsel for certain other partners of the partnership that, in a proceeding pending in the United States Tax Court on behalf of the partnership, styled *Columbia Building, Ltd. v. Commissioner*, docket No. 20549–88, 1992 WL 101165, the IRS was conceding all of the issues with respect to the year 1984 for the partnership because the FPAA was not timely sent to a properly designated tax matters partner within the applicable statute of limitations. Based on the notice he received, plaintiff filed an amended income tax return (Form 1040X) with the IRS Austin Service Center on November 20, 1990, claiming entitlement to a refund of the tax and interest previously paid for 1984. On March 12, 1991, the IRS notified plaintiff that it could not act on his claim for refund until further information was submitted. On or about April 1, 1991, the IRS formalized its concession in the

partnership's tax court proceeding by filing a joint motion in the tax court requesting entry of summary judgment in favor of the partnership. On April 30, 1991, plaintiff filed a second amended income tax return (Form 1040X) with the Austin Service Center claiming the right to a refund of the tax and interest previously paid for 1984. On May 14, 1992, the tax court entered its order and decision in the partnership proceeding, granting summary judgment in the partnership's favor and finding that "there are no adjustments to the partnership items of Columbia Building, Ltd. for the taxable year 1984." On August 25, 1992, the IRS notified plaintiff that it was disallowing his second claim for refund.

Defendant additionally alleges as undisputed facts:

(1) The Form 870–P that plaintiff signed includes the following language:

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

(2) Plaintiff does not make any claim of either fraud or malfeasance on the part of IRS.

Plaintiff does not dispute that the Form 870–P contains the language set forth above. Plaintiff does dispute the statement that he is not making any claim of fraud or malfeasance. However, his complaint does not contain any such claims.

## II.

### *Jurisdiction*

■ The first issue is whether the court has subject matter jurisdiction over this action. District courts have jurisdiction of civil actions for recovery of "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). Because tax refund suits are actions in which the sovereign has waived its immunity and consented to be sued, *United*

*States v. Michel,* 282 U.S. 656, 658, 51 S.Ct. 284, 285, 75 L.Ed. 598 (1931), statutory provisions governing such suits are strictly construed. *McCarty v. United States,* 929 F.2d 1085 (5th Cir.1991). Plaintiff argues that the only prerequisites to suit are that he has paid the tax, *see Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), and that he has filed an administrative claim for refund with the IRS. 26 U.S.C. § 7422(a). Defendant does not dispute that these requirements have been met.

In arguing lack of jurisdiction, defendant relies on the further limitation contained in 26 U.S.C. § 7422(h), which provides:

> **(h) Special rule for actions with respect to partnership items**—No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c).

To determine whether § 7422(h) applies, and hence, whether jurisdiction exists, the court must consider the validity of the settlement agreement at issue.[1] *Treaty Pines Investments Partnership v. Commissioner,* 967 F.2d 206, 210 (5th Cir.1992). As the Fifth Circuit has noted, the settlement agreement, if valid, would convert partnership items into nonpartnership items. *Id.* (citing 26 U.S.C. § 6231(b)(1)(C)); *Tollerson v. Commissioner,* 1993 WL 174884, *2, 71 A.F.T.R.2d 93–1250, 93–1 U.S.T.C. ¶ 50,210 (S.D.Tex. Mar. 4, 1993).[2] In this case, the result would be that § 7422(h) does not apply and that this court has jurisdiction of this action.[3]

---

**1.** Were it not for the *Treaty Pines* precedent, the court would likely have found that the refund being sought is one attributable to partnership items, especially in light of plaintiff's own claim for refund, which clearly states:

> The tax and interest in question arise from an adjustment by the Examination Division to a partnership item of Columbia Building, Ltd. (EIN 95–3932702), a limited partnership, for the tax year 1984....

Plaintiff's Complaint, Ex. "A", 3.

**2.** Plaintiff does not make the argument that § 6231(b)(1)(C) applies to convert partnership items into nonpartnership items. By making such an argument, plaintiff would be admitting the validity of the settlement agreement he now contends is not binding on him. Plaintiff argues instead that § 7422(h) is ambiguous. No other

---

## III.

### *Validity of the Settlement Agreement*

Plaintiff maintains that the Form 870–P signed by him is not a binding agreement. He relies on *Botany Worsted Mills v. United States,* 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379 (1929), in support of this argument. *Botany Mills,* however, leaves open the question of whether a settlement agreement other than a statutory closing agreement as sanctioned by what is now 26 U.S.C. § 7121 is binding by application of equitable estoppel. 278 U.S. at 288–89, 49 S.Ct. at 131. Moreover, *Botany Mills* was decided long before the enactment of 26 U.S.C. § 6224, by Pub.L. No. 97–248, Title IV, § 402(a), 96 Stat. 324, 651 (1982). Plaintiff does not dispute that Form 870–P is a statutorily sanctioned agreement by operation of § 6224(b) & (c). The Fifth Circuit has not expressed an opinion as to whether § 6224(c) provides a statutory source of settlement authority independent of § 7121. *Treaty Pines,* 967 F.2d at 212 n. 8. This court, like the United States Tax Court, finds that it does. *Korff v. Commissioner,* 65 T.C.M. (CCH) 1811, T.C.M. (P–H), ¶ 93,033, 1993 WL 17614 (Jan. 28, 1993).[4]

A settlement agreement is a contract and should be interpreted as such. *See Daugette v. Patterson,* 250 F.2d 753, 756 (5th Cir.1957), *cert. denied,* 356 U.S. 902, 78 S.Ct. 561, 2 L.Ed.2d 580 (1958). Plaintiff should not be allowed to back out of the agreement now that he has determined that it was not a good one.[5] As the tax court has determined:

---

court has found the provision to be ambiguous and the court finds no support for this argument.

**3.** Defendant has not asserted any other ground for the court to conclude that it lacks subject matter jurisdiction.

**4.** The court recognizes the tax court's expertise in this area. *See Yarbro v. Commissioner,* 737 F.2d 479, 483 (5th Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985).

**5.** At the very least, plaintiff should be equitably estopped from reneging on his agreement. *Stair v. United States,* 516 F.2d 560, 563 (2nd Cir. 1975). Equitable estoppel, however, is not a prerequisite to holding that plaintiff is bound by Form 870–P. *Korff,* T.C.M. (P–H), ¶ 93,033 at 93–131, 1993 WL 17614.

"Once mutually executed, Form 870–P settlement agreements are binding on their terms, unless a party to the agreement can show 'fraud, malfeasance, or misrepresentation of fact.'" *Korff*, T.C.M. (P–H), ¶ 93,033 at 93–129, 1993 WL 17614. Here, plaintiff has not pleaded fraud, malfeasance or misrepresentation of fact. Nor has he come forward with summary judgment evidence sufficient to raise a genuine issue of material fact as to the existence of such a defense.

### IV.

#### Conclusion

Because the court finds that the settlement agreement is valid and binding, the court concludes that it has jurisdiction of this action. Further, the settlement agreement should be enforced. If the court is in error in its opinion as to the enforceability of the settlement agreement, the result is the same. If the settlement agreement is not valid, the court does not have jurisdiction of this action. *See* 26 U.S.C. § 6511(g) (refund procedures for individuals do not apply where the disputed tax is attributable to partnership items).

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted and that plaintiff's motion for summary judgment be, and is hereby, denied.

#### FINAL JUDGMENT

In accordance with the court's order of even date herewith,

The court ORDERS, ADJUDGES and DECREES that plaintiff, Thomas E. Alexander, take nothing on his claims against defendant, United States of America. The court further ORDERS, ADJUDGES and DECREES that defendant have and recover her court costs from plaintiff.