Ernest E. BARTIMMO,
et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civil Action No. H–06–1317.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 30, 2007.

Teresa Jean Womack, Redding and Associates, Houston, TX, for Plaintiffs.

Michael D. Powell, United States Department of Justice, Dallas, TX, for Defendant.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court are Plaintiffs Ernest E. Bartimmo and Estelle L. Bartimmo's Motion for Summary Judgment (Document No. 22) and Defendant United States of America's Motion for Summary Judgment (Document No. 20). Having considered the motions, submissions, and applicable law, the Court determines Plaintiffs' motion should be granted, and Defendant's cross-motion should be denied.

## FACTS

Plaintiffs Ernest and Estelle Bartimmo (collectively, "Plaintiffs") seek tax refunds from Defendant United States of America ("the Government") in the amount of $24,551.66 in penalty interest assessed by the Internal Revenue Service ("IRS") under Internal Revenue Code ("IRC")

§ 6621(c) for tax years 1983 and 1984.[1] In 1983 and 1984, Plaintiff Ernest Bartimmo ("Dr. Bartimmo") was a limited partner in Dillon Oil Technology Partners ("Dillon Oil"), part of a group of partnerships known as the Elektra partnerships.[2] Accordingly, Plaintiffs included a $43,935 loss from Dillon Oil on their 1983 joint federal income tax return, and a $48,454 loss on their 1984 joint federal income tax return.[3] In 1986, it appeared the IRS might question the amount of loss allocated by Dillon Oil to Dr. Bartimmo. Consequently, Plaintiffs filed amended income tax returns for 1983 and 1984, reducing the partnership losses they initially claimed by an amount that equaled the difference between the losses reported in 1983 and 1984 and Dr. Bartimmo's cash contributions to Dillon Oil in 1983 and 1984.[4] As a result, Plaintiffs increased their taxable income by $31,250 for 1983 and $35,954 for 1984. Thus, paying more taxes based on their amended tax returns, Plaintiffs paid the IRS tax and accrued interest of $20,724 for 1983 and $21,215 for 1984.

Nevertheless, the IRS audited Dillon Oil's 1983 and 1984 partnership information returns and issued Notices of Final Partnership Administrative Adjustment ("FPAA") that disallowed Dillon Oil's partnership deductions reported on its 1983 and 1984 information returns. Both the 1983 FPAA and 1984 FPAA (collectively, "the FPAAs") disallowed Dillon Oil's 1983 and 1984 partnership deductions on multiple, alternative grounds—some of which were tax-motivated transactions and some of which were not—without assigning discrete dollar adjustments to specific grounds.

Subsequently, a Dillon Oil partner, acting on behalf of the partnership as a tax matters partner, filed two petitions in the United States Tax Court ("Tax Court"), one challenging the IRS's proposed blanket adjustments contained in the 1983 FPAA and one challenging the IRS's proposed blanket adjustments in the 1984 FPAA.[5] The Tax Court cases disputing the

---

1. The Internal Revenue Code is codified at Title 26 of the United States Code.

2. Although Plaintiff Estelle Bartimmo ("Mrs. Bartimmo") was not a partner in Dillon Oil, she is a party to this suit because she filed joint tax returns with her husband.

3. Because Dr. Bartimmo was a limited partner in Dillon Oil, Plaintiffs' suit for refund of IRC § 6621(c) interest implicates the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"). TEFRA governs administrative and judicial proceedings related to partnership income tax. *Alexander v. United States,* 44 F.3d 328, 330 (5th Cir.1995) (explaining that Congress enacted TEFRA to improve the auditing and adjustments of income tax items attributable to partnerships). Under TEFRA, a partnership's individual partners file personal tax returns, reporting their distributive shares of the partnership's income and deductions. *Weiner v. United States,* 389 F.3d 152, 154 (5th Cir.2004). Based on these filings, the individual partners pay their proportionate share of the taxes. *Id.* Instead of paying

tax as a business entity, a partnership files an annual information return reporting items of income, deduction, and credit. *Id.*

4. In 1983, Dr. Bartimmo invested $12,500 in Dillon Oil, and he invested $ 12,500 again in 1984.

5. A tax matters partner is the partner designated to act as a liaison between the partnership and the IRS in administrative proceedings and as the representative of the partnership in judicial proceedings. IRC § 6223(g); Jacob Mertens, Jr., *The Law of Fed. Income Taxation* § 35:358 (2004) (explaining the tax matters partner is "the central figure of partnership proceedings"). Dillon Oil's tax matters partner filed a combined partner-level-petition contesting the 1983 adjustments on July 2, 1987. On June 30, 1988, the tax matters partner filed a second partnership-level petition questioning the 1984 adjustments. The Tax Court identified the 1983 petition as Docket No. 21530–87 and the 1984 petition as Docket No. 16768–88.

FPAAs were styled *Vulcan Oil Tech. Partners, et al. v. Comm'r,* 110 T.C. 153, 1998 WL 96462 (1998) (collectively, "the *Vulcan Oil* cases").[6]

On June 13, 2002, the Tax Court granted the IRS's motions to dismiss the *Vulcan Oil* cases for lack of prosecution and entered Orders of Dismissal (the "Dismissal Orders"). The Dismissal Orders restated the IRS's proposed blanket adjustments in the FPAAs. Based on the Tax Court's Dismissal Orders, the IRS proceeded to adjust Plaintiffs' tax liabilities in accordance with the proposed adjustments in the FPAAs. On December 18, 2002, the IRS mailed Plaintiffs a Form 4549A–CG that reflected the IRS's adjustments to Plaintiffs' 1983 and 1984 income tax liabilities. Because the IRS determined that Dillon Oil had overstated their deductions in 1983 and 1984, the IRS charged Plaintiffs with underpayment of taxes. Moreover, because the IRS determined that Plaintiffs' underpayment of tax was attributable to tax-motivated transactions, the IRS penalized Plaintiffs by calculating the interest on their 1983 and 1984 taxes under the tax-motivated interest rate in IRC § 6621(c) ("tax-motivated interest rate").[7] The IRS assessed tax-motivated interest against Plaintiffs in the amount of $13,124.92 for 1983 and tax-motivated interest in the amount of $11,427.74 for 1984. On June 11, 2003, Plaintiffs remitted full payment to the IRS.

On June 8, 2005, Plaintiffs filed separate Claims for Refund and Requests for Abatement for 1983 and 1984 with the IRS, requesting refunds of the tax-moti-vated interest assessed against them. Because the IRS failed to respond to this claim, Plaintiffs filed their complaint in this Court on April 17, 2006, averring the IRS erroneously assessed tax-motivated interest against them.

Plaintiffs contend they are entitled to summary judgment and a refund in the amount of $24,551.66 because it was improper and erroneous as a matter of law for the IRS to impose tax-motivated interest against them. In response, the Government moves for summary judgment, arguing the Court lacks subject matter jurisdiction over this action because Plaintiffs failed to timely file their refund claim with the IRS, or alternatively, that Plaintiffs' claims are barred by *res judicata.* Thus, the Court must determine whether it has subject matter jurisdiction over the parties' dispute, and if so, whether the IRS properly assessed tax-motivated interest against Plaintiffs.

## STANDARD OF REVIEW

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Initially, the movant bears the burden of demonstrating to the court that there is an absence of a genuine issue of any material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the party who bears the burden of proof on the claims on which summary

**6.** In addition to Dillon Oil, the *Vulcan Oil* cases involved six other Elektra partnerships: (1) Crowne Oil Technology Partners; (2) Derringer Oil Technology Partners 1981; (3) Derringer Oil Technology Partners 1982; (4) Drake Oil Technology Partners; (5) Vanguard Oil Technology Partners; and (6) Vulcan Oil

Technology Partners. Both Dr. and Mrs. Bartimmo were parties to the *Vulcan Oil* cases.

**7.** The tax-motivated interest rate under IRC § 6621(c) is considered a penalty because it is 120 percent of the normal statutory interest rate. *Weiner,* 389 F.3d at 159.

judgment is sought to present evidence beyond the pleadings to show there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. Summary judgment should only be granted when the entire record shows that no genuine issue of material fact exists. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).[8]

A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505. Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *See Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 713 (5th Cir. 1994). It is not the function of the court to search the record on the non-movant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman,* 954 F.2d 1125, 1137 n. 30 (5th Cir.1992).

## LAW & ANALYSIS

### I. SUBJECT MATTER JURISDICTION

The Government asserts it is entitled to summary judgment as a matter of law for two reasons. First, the Government contends the Court lacks subject matter jurisdiction over Plaintiffs' refund claims because they were not timely filed with the IRS. According to the Government, Plaintiffs' refund claims are controlled by a six-month statute of limitations, and because Plaintiffs' claims were filed with the IRS more than six months after the statute of

limitations began to run, their claims are barred. Alternatively, the Government argues it is entitled to summary judgment because Plaintiffs' claims are barred by *res judicata* based upon the Tax Court's dismissal of the *Vulcan Oil* cases. Thus, the Court must determine whether subject matter jurisdiction exists over Plaintiffs' claims.

 Plaintiffs carry the burden of proving subject matter jurisdiction is proper. *McGann v. United States,* 76 Fed.Cl. 745, 749 (2007) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The United States, as sovereign, is immune from suit. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). However, the United States has consented to suits by taxpayers in the district courts for the refund of any sum of federal tax alleged to have been excessive or wrongfully collected under the internal revenue laws. *Weisbart v. U.S. Dep't of Treasury,* 222 F.3d 93, 94 (2d Cir.2000). "Because tax refund suits are actions in which the sovereign has waived its immunity and consented to be sued, statutory provisions governing such suits are strictly construed." *Alexander v. United States,* 829 F.Supp. 199, 200–01 (N.D.Tex.1993). Where the requirements of the waiver of sovereign immunity have not been satisfied, a court lacks subject matter jurisdiction, and the action must be dismissed. *Koehler v. United States,* 153 F.3d 263, 265 (5th Cir.1998).

 To overcome sovereign immunity in a tax refund action, a taxpayer must file a claim for refund with the IRS within the time limits established by the IRC. *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). A

8. The Court notes that the parties concede no genuine issue of material fact exists. Accordingly, the parties filed a Joint Stipulation of Facts.

taxpayer's failure to timely file a claim for a refund with the IRS deprives the district court of subject matter jurisdiction. *Gustin v. United States,* 876 F.2d 485, 488 (5th Cir.1989); *see also Sun Chem. Corp. v. United States,* 698 F.2d 1203, 1206 (Fed. Cir.1983) (explaining that a timely refund claim is a jurisdictional prerequisite to a refund suit). Thus, the Court must determine whether Plaintiffs timely filed their claims for refund with the IRS.

### A. *Limitations Period*

The parties dispute the appropriate limitations period to apply to Plaintiffs' refund claims. The Government contends IRC § 6230(c)(1)(A)(ii)'s six-month limitations period applies to Plaintiffs' refund claims because tax-motivated interest is a computational adjustment. The Government asserts that because the IRS notified Plaintiffs of their tax adjustments on December 18, 2002, Plaintiffs had six months—until June 18, 2003—to file refund claims with the IRS. Because Plaintiffs filed their requests for refunds on June 8, 2005, almost two years after the six-month limitations period had expired, the Government contends Plaintiffs' claims are untimely and thus barred. In response, Plaintiffs argue the six-month limitations period does not apply because tax-motivated interest is a substantive affected item, not a computational adjustment, and therefore is not governed by the six-month statute of limitations. According to Plaintiffs, their refund claims for tax-motivated interest are subject to a two-year statute of limitations under IRC § 6511(a). Thus, the Court must determine what limitations period applies to Plaintiffs' refund claims.

Whether tax-motivated interest is characterized as a computational adjustment or as a substantive affected item determines whether a six-month statute of limitations applies to bar Plaintiffs' suit. Tax-moti-

vated interest under IRC § 6621(c) is a non-partnership "affected item" for tax purposes because it is an item that is affected by a partnership item. IRC § 6231(a)(5); *Brookes v. Comm'r,* 108 T.C. 1, 5, 1997 WL 1226 (1997). However, there are two kinds of affected items: (1) computational adjustments and (2) substantive affected items. *N.C.F. Energy Partners v. Comm'r,* 89 T.C. 741, 744–45, 1987 WL 45298 (1987). Accordingly, the Court must determine if tax-motivated interest is a computational adjustment, which is governed by a six-month limitations period, or a substantive affected item, which does not have a six-month limitations period.

A computational adjustment is an item made to record a change in a partner's tax liability, and a substantive affected item is an item that is dependent on factual determinations to be made at the individual partner level. *Field v. United States,* 328 F.3d 58, 60 n. 3 (2d Cir.2003); *Weiner v. United States,* 255 F.Supp.2d 624, 656 (S.D.Tex.2002). Tax-motivated interest is a substantive affected item because the application of tax-motivated interest pursuant to IRC § 6621(c) turns on issues that are specific to individual partners. *Mellina v. United States,* 518 F.Supp.2d 825, 829 (N.D.Tex.2007); *see also McGann,* 76 Fed.Cl. at 757 (stating that the plaintiffs' claim to recover tax-motivated interest under IRC § 6621(c) did not relate to a computational adjustment and was not governed by the six-month statute of limitations). Because tax-motivated interest is a substantive affected item and not a computational adjustment, the Court finds a six-month statute of limitations does not apply to Plaintiffs' claims for refund of tax-motivated interest. *See Mellina,* 518 F.Supp.2d at 829 (holding that the plaintiffs' refund claim for tax-motivated interest under IRC § 6621(c) was not subject to the six-month statute of limita-

tions associated with computational adjustments because tax-motivated interest is a substantive affected item); *Brookstone Corp. v. United States,* Civ. A. No. H–91–3467, 1994 WL 621576, *5 (S.D.Tex.1994) (explaining that the six-month statute of limitations does not apply to substantive affected items). Thus, Plaintiffs' suit is not barred by IRC § 6230(c)(1)(A)(ii)'s six-month statute of limitations.

Plaintiffs contend their refund claims are timely because they were filed within two years of the date they paid the contested tax.[9] Plaintiffs filed claims for refund with the IRS on June 8, 2005 which is within two years of the date Plaintiffs paid the tax resulting from tax-motivated inter-

est on June 11, 2003. Because Plaintiffs filed their claims for refund with the IRS within two years of paying the contested tax, the Court finds their claims are timely filed under IRC § 6511(a)'s two-year statute of limitations. *See McGann,* 76 Fed. Cl. at 752. Accordingly, the Court finds it has subject matter jurisdiction over Plaintiffs' suit for refund of tax-motivated interest.

**B. Res Judicata**

Alternatively, the Government contends the Tax Court's Dismissal Orders in the *Vulcan Oil* cases bind the Court's decision in the instant matter under *res judicata.*[10] The Government avers the

9. The Government concedes, and the Court agrees, that Plaintiffs' claims for refund comport with the time restrictions set forth in the two-year statute of limitations under IRC § 6511. However, the Government contends that IRC § 6511(a)'s two-year limitations period is inapplicable to claims for refund of tax-motivated interest because tax-motivated interest is a computational adjustment. Having determined that tax-motivated interest is a substantive affected item, not a computation adjustment, the Court rejects the Government's argument. *See Mellina,* 518 F.Supp.2d at 829; *McGann,* 76 Fed.Cl. at 757. Furthermore, a claim for credit or refund of an overpayment of any tax must be filed within the later of two years from the date the tax was paid or three years from the date the return was filed. *See* IRC § 6511(a). Tax-motivated interest under IRC § 6621(c) is included within the statutory definition of the term "tax." *McGann,* 76 Fed.Cl. at 752 ("In short, interest assessed at the enhanced rates provided by former Section 6621(c) is included within the statutory definition of the term 'tax.' "). Because tax-motivated interest is tax, and because Plaintiffs' suit is for a refund of an overpayment of tax attributable to tax-motivated interest, Plaintiffs' suit is governed by IRC § 6511(a). *See id.; see also Computervision Corp. v. United States,* 445 F.3d 1355, 1373 (Fed.Cl.2006) ("A claim for refund of paid underpayment interest is barred if not filed within the later of three years from the date the return was filed or two years from

the dates the interest was paid.") (citing IRC § 6511).

10. Under the doctrine of *res judicata,* also known as claim preclusion, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *United States v. Davenport,* 484 F.3d 321, 326 (5th Cir.2007) (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). *Res judicata* prevents relitigation of all issues that were or could have been raised in the previous action. *Id.* For *res judicata* to apply, the following four-part test must be satisfied: (1) the parties must be either identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions. *Id.* A court determines whether two suits involve the same claim or cause of action by focusing on whether the two cases under consideration are based on the same nucleus of operative facts. *Id.* If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect "extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* Moreover, the Government bears the burden of proving that *res judicata* applies in this case. *See GLF Constr. Corp. v.*

Tax Court's Dismissal Orders determined that the partners in the *Vulcan Oil* cases, including Plaintiffs, were bound by *Krause. See Krause v. Comm'r,* 99 T.C. 132, 1992 WL 178601 (1992). In *Krause,* the Tax Court disallowed partnership losses under IRC § 183 and held that because the partnership's transactions were tax-motivated, the IRS could assess tax-motivated interest under IRC § 6621(c) against the partners. *Id.* at 168, 1998 WL 96462. Because the Government argues the Tax Court's Dismissal Orders found that *Krause* binds the *Vulcan Oil* cases, the Government contends the Tax Court determined that Dillon Oil's adjustments to its partnership items were tax-motivated transactions that triggered the imposition of tax-motivated interest under IRC § 6621(c). Thus, the Government asserts *res judicata* bars Plaintiffs' case because the *Vulcan Oil* cases and Plaintiffs' refund claims before this Court involve the same nucleus of operative facts-facts determining whether Dillon Oil's transactions were tax-motivated transactions. Moreover, the Government asserts the Tax Court previously determined that Dillon Oil engaged in tax-motivated transactions thereby making its partners liable for tax-motivated interest. Plaintiffs counter that *res judicata* does not apply to their refund suit. Plaintiffs contend the Tax Court's Dismissal Orders in the *Vulcan Oil* cases did not involve the same nucleus of operative facts because the Dismissal Orders did not include any factual findings that Dillon Oil engaged in tax-motivated transactions.

The Court disagrees that Plaintiffs' refund claims are barred by *res judicata* for several reasons. First, contrary to the Government's assertion, the Tax Court's Dismissal Orders in the *Vulcan Oil* cases do not mention *Krause* or IRC § 183. Although the IRS's motions to dismiss for lack of prosecution filed with the Tax Court refer to *Krause* and IRC § 183, the Tax Court's Dismissal Orders merely granted the IRS's motions to dismiss and restated the IRS's proposed adjustments listed in the FPAAs. *See McGann,* 76 Fed.Cl. at 758 (finding that IRC § 183 and *Krause* were mentioned only in the IRS's motions to dismiss the *Vulcan Oil* cases, not the Tax Court's Dismissal Orders).[11] The Court does not conclude that the Tax Court adopted every argument made by the IRS when it granted the IRS's motions to dismiss. *See id.*

Moreover, the Tax Court did not address any substantive issues of tax law in its Dismissal Orders in the *Vulcan Oil* cases. *See id.* The Tax Court's decision to dismiss the *Vulcan Oil* cases was based solely on the tax matters partner's failure to communicate with his own counsel, the Tax Court, and counsel for the IRS. *See id.* (explaining that the decision of the Tax Court was based solely on the taxpayers' "failure properly to prosecute"). As in *McGann,* Plaintiffs in this suit seek a legal determination whether a tax-motivated transaction is a partnership item that can be translated directly to a partner's individual return as a question of law that the Tax Court did not address. *See id.* Thus,

---

*LAN/STV,* 414 F.3d 553, 555 n. 2 (5th Cir. 2005) (explaining that the party seeking to assert that an issue was already adjudicated bears the burden of proving that contention).

**11.** In *McGann,* 76 Fed.Cl. at 757–58, the IRS made an identical *res judicata* argument as it does in the present case. *McGann* involved taxpayers who were limited partners in Drake Oil, another Elektra partnership included in

the *Vulcan Oil* cases with Dillon Oil. *See id.* at 746. The taxpayers in *McGann,* like Plaintiffs in the instant case, sought a refund of tax-motivated interest under IRC § 1662(c). *See id.* The *McGann* court rejected the IRS's *res judicata* argument on grounds similar to those the Court reaches today. *See id.* at 757–58.

the Court finds *res judicata* does not preclude Plaintiffs' refund claims for tax-motivated interest. *See id.* (explaining that even though the Tax Court's decision to dismiss the *Vulcan Oil* cases for failure to prosecute was an adjudication on the merits, the Dismissal Orders "could, but did not necessarily, have *res judicata* effect"); *see Davenport,* 484 F.3d at 326 (explaining that the same claim or cause of action must be involved in both actions for *res judicata* to apply); *see also GLF Constr. Corp.,* 414 F.3d at 555 n. 2 (explaining that if reasonable doubt exists as to what was decided in the first action, the doctrine of *res judicata* should not be applied).

Because Plaintiffs' suit for refund of tax-motivated interest was timely filed, and the Government has not shown the Tax Court's Dismissal Orders in the *Vulcan Oil* cases have *res judicata* effect on Plaintiffs' refund suit, the Court finds the Government's motion for summary judgment fails as a matter of law, and Plaintiffs' claims are properly before the Court. *See McGann,* 76 Fed.Cl. at 749; *GLF Constr. Corp.,* 414 F.3d at 555 n. 2.

## II. TAX–MOTIVATED INTEREST

Plaintiffs filed the case at bar averring the IRS improperly assessed their 1983 and 1984 tax liability using a tax-motivated interest rate. Plaintiffs argue the IRS erroneously assessed tax-motivated interest against them because: (1) the Tax Court's Dismissal Orders in the *Vulcan Oil* cases failed to find that the disputed Dillon Oil partnership deductions were attributable to tax-motivated transactions; (2) the IRS improperly relied on *Krause;* and (3) the FPAAs did not differentiate between tax-motivated and non-tax-motivated transactions. Thus, the Court must determine whether the IRS properly as-

sessed tax-motivated interest against Plaintiffs.

As the Court previously noted, tax-motivated interest under IRC § 6621(c) is considered penalty interest that is imposed for a "substantial underpayment attributable to tax-motivated transactions" because it is 120 percent of the normal statutory interest rate.[12] IRC § 6621(c); *Weiner,* 389 F.3d at 159. An underpayment of tax is "substantial" when it exceeds $1,000 for the tax year in question. IRC § 6621(c)(2). A "tax-motivated transaction" encompasses "any sham or fraudulent transaction." *Id.* at § 6621(c)(3)(A)(v). Put simply, the IRS may not assess tax-motivated interest unless the substantial underpayment of tax is attributable to one of the tax-motivated transactions expressly defined by statute and regulations. *Weiner,* 389 F.3d at 162. Because the Government assessed tax-motivated interest against Plaintiffs for tax years 1983 and 1984, the Court must determine whether it was statutorily allowed to do so. *See id.*

### A. *The Tax Court's Dismissal Orders*

Plaintiffs argue the IRS improperly assessed tax-motivated interest because the Tax Court's Dismissal Orders in the *Vulcan Oil* cases failed to make any finding that the disputed Dillon Oil partnership item deductions were "attributable to" a tax-motivated transaction. According to Plaintiffs, the Tax Court, in its Dismissal Orders, determined that the IRS's proposed adjustments in the FPAAs were correct. However, because the adjustments in the FPAAs contain both tax-motivated and non-tax-motivated assertions, and because the Tax Court's Dismissal Orders made no specific determination that the

---

**12.** Although Congress repealed IRC § 6621(c) in 1989, the IRS can impose tax-motivated interest under IRC § 6621(c) for pre–1990 tax years. *Mellina,* 518 F.Supp.2d at 830.

transactions were tax-motivated, Plaintiffs aver application of tax-motivated interest under IRC § 6621(c) was inappropriate under *Weiner. See id.* at 162–63.

In response, the Government reiterates its position that the Tax Court's Dismissal Orders adopted and incorporated the tax-motivated findings in *Krause,* thereby providing a sufficient rationale for the IRS to conclude the Tax Court made a specific determination that Dillon Oil's transactions were tax-motivated. Thus, the Court must determine whether the IRS properly relied on the Tax Court's Dismissal Orders to assess tax-motivated interest penalties against Plaintiffs.

The parties agree the Tax Court's Dismissal Orders show that it found the FPAAs were correct. *See* IRC § 6226(h) (explaining that the effect of the Tax Court's decision to dismiss an action shall be considered as its decision that the FPAA is correct). Thus, the FPAAs disallowed Dillon Oil's 1983 and 1984 partnership deductions because the IRS determined that some of Dillon Oil's partnership deductions were tax-motivated transactions. However, the FPAAs listed multiple, independent reasons for disallowing the deductions and failed to identify the specific transactions that were tax-motivated. *See Weiner,* 389 F.3d at 162 (explaining that when an "FPAA lists several *independent* reasons for disallowing the taxpayers' deductions, there is no way to determine, without additional superfluous litigation, whether the taxpayers' underpayment is 'attributable to' a reason that also qualifies as a tax-motivated transaction") (emphasis in original).

Moreover, the Tax Court's Dismissal Orders did not find Plaintiffs' underpayment of tax was attributable to specific tax-motivated transactions. *See id.* Even if the effect of the Tax Court's Dismissal Orders was a determination that the FPAAs were correct, the Dismissal Orders failed to identify which transactions were tax-motivated. Thus, as a matter of law, the Tax Court's Dismissal Orders were not a sufficient basis to impose tax-motivated interest because the Dismissal Orders failed to find that Plaintiffs' underpayment of tax was attributable to a tax-motivated transaction. *See id.* at 163 (holding as a matter of law that because the FPAAs did not establish that the taxpayers' underpayment was attributable to tax-motivated transactions, the IRS could not assess IRC § 6621(c)'s tax-motivated penalty interest). Accordingly, the Court finds the IRS improperly assessed tax-motivated interest under IRC § 6621(c) against Plaintiffs based upon the Tax Court's Dismissal Orders. *See id.*

### 2. *Krause*

Plaintiffs also argue that the IRS improperly relied on *Krause* to impose tax-motivated interest against them. *See Krause,* 99 T.C. at 168. According to Plaintiffs, one month prior to the Tax Court's Dismissal Orders in the *Vulcan Oil* cases, the United States Court of Appeals for the Fifth Circuit held in *Copeland* that *Krause* does not support the imposition of tax-motivated interest. *Copeland v. Comm'r,* 290 F.3d 326, 334–36 (5th Cir.2002). In response, the Government argues the Tax Court's Dismissal Orders adopted and incorporated the tax-motivated findings in *Krause,* and stated that the partners involved in the *Vulcan Oil* cases were bound by the tax-motivated findings in *Krause.* Thus, the Government posits that because *Krause* binds the *Vulcan Oil* cases, the Tax Court made a specific determination that Dillon Oil's transactions were tax-motivated transactions that triggered IRC § 6621(c) interest.

However, the Court disagrees. A cursory reading of the Tax Court's Dismissal Orders in the *Vulcan Oil* cases reveals that the cases were dismissed solely for lack of prosecution. The Tax Court's Dismissal Orders made no substantive findings that Dillon Oil's deductions were tax-motivated transactions. *See McGann*, 76 Fed.Cl. at 758. Moreover, the Tax Court's Dismissal Orders do not incorporate the tax-motivated findings in *Krause* or IRC § 183. *See id.* However, even if there were merit to the Government's argument, *Copeland* held that *Krause* is not a sufficient basis to impose tax-motivated interest on an Elektra partner, and that, as a matter of law, IRC § 183 could not be used to disallow partnership-related deductions or as a basis to impose tax-motivated interest. *See Copeland*, 290 F.3d at 334 (holding that the analysis in *Krause* was "both imprecise and flatly incorrect").

Because the Tax Court's Dismissal Orders do not incorporate or even refer to *Krause*, the Court disagrees that the *Vulcan Oil* cases are bound by *Krause*. *See McGann*, 76 Fed.Cl. at 758. Moreover, because *Copeland* holds that *Krause* is an insufficient basis to impose tax-motivated interest, the IRS may not rely on *Krause* to assess IRC § 6621(c) interest against Plaintiffs. *See Copeland*, 290 F.3d at 334–36. Accordingly, the Court finds the IRS improperly assessed tax-motivated interest under IRC § 6621(c) against Plaintiffs based on *Krause*. *See id.* at 338.

### 3. *The FPAAs*

 Finally, Plaintiffs contend the IRS improperly assessed tax-motivated interest against them because the FPAAs did not differentiate between tax-motivated and non-tax-motivated transactions. According to Plaintiffs, if an FPAA proposes an undifferentiated, blanket disallowance on multiple, alternative grounds—some of which are tax-motivated transactions and some of which are not—then under *Weiner* tax-motivated interest under IRC § 6621(c) cannot be imposed unless every ground for disallowance asserted in the FPAA was examined, and a discreet dollar value was assigned to each basis. *See Weiner*, 389 F.3d at 154. Plaintiffs aver that because the Tax Court never examined or made any determinations about the proposed bases for disallowance in the FPAAs, *Weiner* precludes assessment of tax-motivated interest under IRC § 6621(c). The Government contends that *Weiner* is distinguishable from Plaintiffs' refund suit, and thus, not binding because *Weiner* involved a settlement agreement and Plaintiffs' case does not.

The Fifth Circuit held in *Weiner* that neither the FPAAs nor the settlement agreements established that the taxpayers' underpayments were attributable to tax-motivated transactions because the FPAAs listed multiple reasons for disallowing the deductions. *Id.* at 162–63 ("There is no way, given the multiple reasons provided for the disallowance in the FPAAs, to determine whether the underpayments are 'attributable to' a tax-motivated transaction."); *Mellina*, 518 F.Supp.2d at 830 (same). Thus, *Weiner* held that because the taxpayers' underpayments were not attributable to a tax-motivated transaction as a matter of law, the IRS could not assess IRC § 6621(c) interest against them. *Weiner*, 389 F.3d at 162.

Although *Weiner* involved a settlement agreement, an element not present in Plaintiffs' case, the Court finds the facts and issues in the instant action are sufficiently analogous to apply *Weiner's* analysis. With respect to Plaintiffs' 1983 and 1984 taxes, the Tax Court found the FPAAs were correct, but it failed to examine every ground asserted in the FPAAs for disallowance and failed to assign a

discreet dollar value to each basis. *See id.* at 162–63. As in *Weiner*, the Court finds that because the FPAAs gave multiple reasons for disallowing Dillon Oil's deductions, it was impossible for the IRS to determine whether Plaintiffs' underpayment of tax was attributable to a tax-motivated transaction. *See id.* at 162 ("[T]he melange of alleged grounds, some of which were 'tax motivated' grounds— but others were not—prevent us from saying ... that the underpayment was attributable to a particular ground."). Because the FPAAs gave multiple, undifferentiated bases for disallowance, and the Tax Court never examined or made any determinations about the proposed bases for disallowance in the FPAAs, the Court finds the IRS did not properly assess tax-motivated interest against Plaintiffs based upon the FPAAs. *See id.*

Because the IRS assessed tax-motivated interest under IRC § 6621(c) against Plaintiffs without a determination that the substantial underpayment of tax was attributable to one of the tax-motivated transactions expressly defined by statute, the Court finds the IRS improperly assessed tax-motivated interest against Plaintiffs. *See id.* Thus, the Court finds that Plaintiffs are entitled to summary judgment as a matter of law.[13] Accordingly, the Court hereby

ORDERS that Defendant United States of America's Motion for Summary Judgment (Document No. 20) is DENIED. The Court further

ORDERS that Plaintiffs Ernest E. Bartimmo and Estelle L. Bartimmo's Motion for Summary Judgment (Document No. 22) is GRANTED. The Court further

ORDERS that Plaintiffs Ernest E. Bartimmo and Estelle L. Bartimmo recover $24,551.66 plus interest from Defendant United States of America.[14]

## FINAL JUDGMENT

As the Court has denied Defendant United States of America's Motion for Summary Judgment (Document No. 20) and granted Plaintiffs Ernest E. Bartimmo and Estelle L. Bartimmo's Motion for Summary Judgment (Document No. 22), the Court hereby

ORDERS that final judgment be entered in favor of Plaintiffs for Plaintiffs' claims for refund of tax-motivated interest assessed pursuant to 26 U.S.C. § 6621(c). The Court further

ORDERS that Plaintiffs Ernest E. Bartimmo and Estelle L. Bartimmo shall recover $24,551.66 plus interest thereon in accordance with 26 U.S.C. § 6611 from Defendant United States of America.

This is a FINAL JUDGMENT.

---

**13.** The Court notes that Plaintiffs request attorneys' fees and costs. However, a taxpayer is not entitled to recover attorneys' fees or costs with respect to an action for a refund where the IRS's position is substantially justified. IRC § 7430(c)(4)(B)(i); *Mellina*, 518 F.Supp.2d at 831 n. 7. Accordingly, Plaintiffs' request for attorneys' fees and costs is denied.

**14.** Pursuant to IRC § 6611(a), interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax. IRC § 6611(a).